J-A08032-20 & J-A08033-20

2020 PA Super 121

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
v.             :
:
:
IGOR CHICHKIN            :
:
         Appellant    :   No. 3473 EDA 2018

Appeal from the Judgment of Sentence Entered November 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0036944-2017


COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
v.             :
:
:
LISA ROCHE              :
:
         Appellant    :   No. 3475 EDA 2018

Appeal from the Judgment of Sentence Entered November 26, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  MC-51-CR-0001090-2018


BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

OPINION BY McCAFFERY, J.:          **FILED MAY 20, 2020**

    In these two appeals,[1] we consider the constitutionality of the provision

of the mandatory minimum sentencing statute for driving under the influence

---

[1] We address these appeals together because they involve the same issue.  In
fact, the petitions for writ of *certiorari* in both cases were filed by the same
assistant public defenders, and considered and denied by the same trial court

(DUI),[2] 75 Pa.C.S. § 3806, which treats a prior acceptance of accelerated rehabilitative disposition (ARD) in a DUI case as a prior conviction for sentencing enhancement purposes. Igor Chichkin and Lisa Roche (collectively Appellants) appeal from the judgments of sentence entered in the Philadelphia Court of Common Pleas, confirmed by the denial of their petitions for writ of *certiorari*, following their convictions of DUI in the Philadelphia Municipal Court. Because we agree Appellants were not afforded their constitutional protections under **Alleyne v. United States**, 570 U.S. 99 (2013), we vacate Appellants' judgments of sentence and remand for resentencing as first-time DUI offenders.

The pertinent facts and procedural history underlying each appeal are as follows.

### Commonwealth v. Chichkin – 3473 EDA 2018

Chichkin was arrested and charged with DUI for an incident that occurred on December 8, 2017. His case proceeded to a trial in Municipal Court on May 18, 2018, at which time the court found him guilty of two counts of DUI-general impairment under 75 Pa.C.S. § 3802(a)(1).[3] On June 25,

---

judge. The briefs and trial court opinions in both appeals are identical. Moreover, we note that on July 3, 2019, both appellants filed an Application for Extraordinary Jurisdiction in the Pennsylvania Supreme Court, which the Court denied on October 15, 2019. **See** 75 EM 2019; 76 EM 2019.

[2] 75 Pa.C.S. § 3802.

[3] On one of the counts, the trial court found Chichkin guilty of DUI with an accident. **See** N.T. Trial, 5/18/18, at 20.

2018, Chichkin was sentenced to a term of 30 days to six months' imprisonment, with two months' concurrent probation. The 30-day mandatory minimum was imposed under 75 Pa.C.S. § 3804(b)(2)(i), because Chichkin had accepted ARD for a prior DUI offense in 2013. *See* 75 Pa.C.S. § 3804(b)(2)(i) (individual who commits second offense under Section 3802(a) where there is accident involving property damage shall be sentenced to "imprisonment of not less than 30 days"). *See also* 75 Pa.C.S. § 3806(a) (prior offense for DUI sentencing includes acceptance of ARD).

On July 5, 2018, Chichkin filed a timely motion for reconsideration, seeking to "bar consideration of [his] prior ARD acceptance for sentencing purposes because the statutory framework violates several provisions of the United States and Pennsylvania Constitutions." Chichkin's Motion for Reconsideration, 7/5/18, at ¶ 5. The court granted reconsideration and vacated the June 25th sentence. However, following a hearing on July 30, 2018, the Municipal Court denied reconsideration and reinstated the sentence imposed on June 25, 2018.

On August 6, 2018, Chichkin filed a timely petition for writ of *certiorari* in the Court of Common Pleas. The trial court denied the writ on November 26, 2018, but stayed Chichkin's sentence pending an appeal. Chichkin filed this timely appeal, and complied with the trial court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

- 3 -

### *Commonwealth v. Roche* – 3475 EDA 2019

On June 13, 2018, Roche entered a negotiated guilty plea in the Municipal Court to one count of DUI-general impairment with accident. N.T. Roche Guilty Plea, 6/13/18, at 4. The Commonwealth noted it was "a mandatory minimum matter." *Id.* The case proceeded to sentencing on September 17, 2018, at which time the Municipal Court stated Roche's record "showed a prior offense" and thus her guilty plea would constitute a "second offense." N.T.Roche Sentencing H'rg, 9/17/18, at 3. Roche's counsel objected to the court's characterization, arguing that because the alleged "prior offense" was an acceptance of ARD, it "should not recidivize[,]" and the DUI mandatory minimum statute was unconstitutional under *Alleyne*. *Id.* at 3-4. The Municipal Court rejected Roche's argument and imposed a sentence of 30 days to four months' imprisonment, and two years' concurrent probation. The 30-day mandatory minimum sentence was likewise imposed under 75 Pa.C.S. § 3804(b)(2)(i), based upon the fact that Roche had accepted ARD for a prior DUI offense in 2010. *See* 75 Pa.C.S. § 3804(b)(2)(i). *See also* 75 Pa.C.S. § 3806(a).

On September 18, 2018, Roche filed a timely petition for writ of *certiorari* in the Court of Common Pleas. Following a hearing, the trial court denied the writ on November 26, 2018, but stayed Roche's sentence. Roche filed this timely appeal, and complied with the trial court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

**Analysis**

Appellants raise the following identical three questions on appeal:

1. Are not the mandatory minimum DUI statutes unconstitutional because they do not provide the constitutional procedural protections mandated by *Alleyne v. United States*, 570 U.S. 99 (2013), for the triggering factual determination, a prior DUI ARD acceptance?

2. Do not the mandatory minimum DUI statutes violate both substantive and procedural due process under *Nelson v. Colorado*, 137 S.Ct. 1249 (2017), and other relevant case law, because they treat a prior acceptance of ARD, that entails no proof of misconduct, as conclusive irrebuttable proof of a prior offense?

3. Do not the mandatory minimum DUI statutes that treat a prior acceptance of ARD as a prior offense violate separation of powers and Article V of the Pennsylvania Constitution because the legislature has no authority to declare a defendant guilty of an offense, and its statutes are inconsistent with the Pennsylvania Supreme Court's rules governing acceptance of ARD?

Chichkin's Brief at 2; Roche's Brief at 2.

When an appellant challenges a trial court's denial of a petition for writ of *certiorari*, "[w]e will not disturb the lower court's [decision] unless we find an abuse of discretion." *Commonwealth v. Noss*, 162 A.3d 503, 507 (Pa. Super. 2017). Here, in all three of their claims, Appellants contend the statutes which the Municipal Court applied to increase their mandatory minimum sentence — 75 Pa.C.S. §§ 3804 and 3806 — are unconstitutional, and, thus, their sentences are illegal. "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Alston*, 212 A.3d 526, 528 (Pa. Super. 2019).

Each of Appellants' claims on appeal involves the interplay between Sections 3804 and 3806 of the Motor Vehicle Code (MVC). Section 3804 sets forth mandatory minimum sentence terms for first, second, and subsequent DUI offenses. 75 Pa.C.S. § 3804. Section 3806 defines the term "prior offense" as, *inter alia*:

> any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of Accelerated Rehabilitative Disposition** or other form of preliminary disposition before the sentencing on the present violation for . . .
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S. § 3806(a)(1) (emphasis added). Thus, a defendant who had accepted ARD for a prior DUI offense is considered a second-time offender under the Section 3804 penalty provisions.

In their first issue, Appellants contends the aforementioned DUI penalty statutes are unconstitutional pursuant to the United States Supreme Court's decision in **Alleyne**, which held "a defendant has due process rights to specific notice in the charging document and proof beyond a reasonable doubt, as well as, the constitutional guarantee of a jury determination" with regard to "**any** factual determination that triggers a mandatory minimum sentence[.]" Chichkin's Brief at 5; Roche's Brief at 5. Although Appellants recognize **Alleyne** and its progeny provide an exception for prior convictions, they insist "[a]cceptance of ARD . . . bears no relationship to a prior conviction because it involves no finding of guilt beyond a reasonable doubt (or even

misconduct)." Chichkin's Brief at 10; Roche's Brief at 11. Furthermore, they assert that, with the exception of the designation in the DUI penalty statute, this Court has "repeatedly held" that acceptance of ARD does not constitute a prior conviction. Chichkin's Brief at 11; Roche's Brief at 11. Regardless of how the Legislature characterizes a prior ARD acceptance, Appellants insist, it is not a "prior conviction" and, therefore, is a "fact" triggering an enhanced sentence which, under *Alleyne*, "must be found by a jury beyond a reasonable doubt." Chichkin's Brief at 12; Roche's Brief at 13. Because they were not "afford[ed] the constitutional procedural protections of *Alleyne*," Appellants argue, we must vacate the mandatory minimum sentences and remand for resentencing. Chichkin's Brief at 13; Roche's Brief at 14.

The Commonwealth agrees that Appellants' mandatory minimum sentences should be vacated under *Alleyne* because "the portion of 75 Pa.C.S. § 3806 that increases a mandatory sentence based upon a prior acceptance of ARD without the fact of the acceptance being established beyond a reasonable doubt is unconstitutional." Commonwealth's Brief at 6.[4] Although the Commonwealth notes it did provide notice, in Appellants' criminal complaints, of the potential mandatory minimum sentence, it acknowledges it did not "establish at the trial stage that [Appellants were] ever convicted of a prior DUI, or had previously accepted ARD." *Id.* at 7-8. Thus, the

---

[4] The argument portions of the Commonwealth's briefs are identical in both appeals.

Commonwealth concurs that we "should remand [these cases] to the trial court to resentence [Appellants] in accordance with a first offense DUI." *Id.* at 8.

In denying Appellants' petitions for writ of *certiorari*, however, the trial court found that their prior ARD acceptance was not an element of the crime, as in *Alleyne*, that required a jury determination. Trial Ct. Op., 5/9/19, at 5.[5] Rather, the court determined it was simply "a sentencing factor that is taken into consideration when sentencing an individual [for a subsequent] DUI." *Id.* The trial court noted that *Alleyne* recognized the distinction between "broad sentencing discretion, informed by judicial fact[ ]finding," which is constitutionally permissible, and judicial fact finding at sentencing concerning "elements to the actual crime," which is unconstitutional. *Id.* at 4-5, *quoting Alleyne*, 570 U.S. at 116. Because Appellants' prior acceptances of ARD were "unrelated to the current DUI for which [they were] convicted," the court concluded that those facts did not require a jury determination. *Id.* at 5.

Our analysis of Appellants' claim begins with *Alleyne*. In *Alleyne*, the United States Supreme Court, held "**[a]ny fact** that, by law, **increases the penalty** for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103 (emphasis

---

[5] As noted *supra*, the same trial court judge denied both petitions for writ of *certiorari*, and filed two identical opinions (save for the procedural history of each case) on the same day.

added). The decision was an expansion of the Court's prior ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which applied only to those facts that increased the penalty for a crime beyond the "prescribed statutory maximum." *Alleyne*, 570 U.S. at 107, *citing Apprendi*, 530 U.S. at 490. In *Alleyne*, the Court vacated the defendant's mandatory minimum sentence, which the trial court imposed after it found, by a preponderance of the evidence, that the defendant had "brandished" — as opposed to simply used or carried — a firearm during the commission of his offense. *Alleyne*, 570 U.S. at 117. The Court opined: "Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt." *Id.*

While the *Alleyne* Court held the "fact" that subjected the defendant to a mandatory minimum sentence had to be determined by a jury under the "beyond a reasonable doubt" standard, the Court cautioned that it did not intend to eliminate **all** judicial fact finding at sentencing:

> Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment. This position has firm historical roots as well. . . .
>
> > "[W]ithin the limits of any discretion as to the punishment which the law may have allowed, the judge, when he pronounces sentence, may suffer his discretion to be influenced by matter shown in aggravation or mitigation, not covered by the allegations of the indictment."
>
> "[E]stablishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things." Our decision today is wholly consistent

with the broad discretion of judges to select a sentence within the range authorized by law.

*Alleyne*, 570 U.S. at 116–17 (citations omitted).

Applying the mandate of *Alleyne*, the Courts of this Commonwealth have concluded that many of our mandatory minimum sentencing statutes are unconstitutional because they permit judicial fact finding by the sentencing court, under a preponderance of the evidence standard, absent pretrial notice to the defendant. *See Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) (prior version of 42 Pa.C.S. § 9718(a)(1), imposing mandatory minimum when victim of sexual assault is less than 16 years old);[6] *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (18 Pa.C.S. § 6317, imposing mandatory minimum for delivery of drugs within 1,000 feet of school); *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa. Super. 2014) (18 Pa.C.S. § 7508, imposing mandatory minimum based upon weight of controlled substances); *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (42

---

[6] We note in *Wolfe*, *supra*, the Pennsylvania Supreme Court found the sentencing provision in the statute 42 Pa.C.S. § 9718(a) unconstitutional, despite the fact that the aggravating factor, *i.e.*, the victim's age, **was an element of the offense** for which the defendant was convicted, and thus was found by the jury beyond a reasonable doubt. *Wolfe*, 140 A.3d at 661. The *Wolfe* Court concluded, however, the language of Section 9718(c) nevertheless required the sentencing court to engage in judicial fact-finding and "make its own determination at sentencing," which violated *Alleyne*. *Id.* That language, which appeared in many of our mandatory minimum statutes, stated, in relevant part, that the provisions of the statute subjecting the defendant to a mandatory minimum sentence "shall not be an element of the crime, [and] shall be determined at sentencing[, by the sentencing court,] by a preponderance of the evidence[.]" *See* 42 Pa.C.S. § 9718(c), Dec. 30, 1982, P.L. 1472, No. 334, § 1, eff. in 60 days.

Pa.C.S. § 9712.1, imposing mandatory minimum based upon drug offender's proximity to firearm).

Nevertheless, the United States Supreme Court, in both *Apprendi* and *Alleyne*, recognized an exception to this general rule based upon its prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), where the Supreme Court rejected a defendant's "constitutional claim that his **recidivism**[, which increased the penalty for his crime,] must be treated as an element of his offense." *See Almendarez-Torres*, 523 U.S. at 247 (emphasis added). Therefore, the *Apprendi* Court held: "**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). *See also Alleyne*, 570 U.S. at 111 n.1 (*Almendarez-Torres* recognized "a narrow exception to this general rule for the fact of a prior conviction"). Although the *Apprendi* Court questioned the continued vitality of *Almendarez-Torres*,[7] to date the decision has not overruled or modified. *See Commonwealth v. Aponte*, 855 A.2d 800, 802 (Pa. 2004) (holding sentencing enhancement, which increased statutory maximum penalty "upon

---

[7] *See Apprendi*, 530 U.S. at 489 ("Even though it is arguable that *Almendarez-Torres* was incorrectly decided . . . [the defendant] does not contest the decision's validity and we need not revisit it for purposes of our decision today[.]").

proof of a prior conviction for a similar offense, without requiring proof beyond a reasonable doubt before a jury," was constitutionally valid).

Therefore, pursuant to the foregoing authority, it is clear that any **fact** used to increase a defendant's sentence, which is not included as an element of the offense charged — such as the amount of drugs sold, the proximity of the drugs to a firearm, the distance of a drug sale to a school — must be submitted to a jury and found beyond a reasonable doubt. Furthermore, it is also clear that when a defendant is subjected to an increased sentence based upon a prior conviction, the "fact" of the prior conviction need **not** be submitted to a jury and found beyond a reasonable doubt. **See Commonwealth v. Reid**, 117 A.3d 777, 785 (Pa. Super. 2015) (imposition of mandatory minimum at 42 Pa.C.S. § 9714(a), based upon appellant's prior conviction of second crime of violence, did not violate **Alleyne**). **Accord Commonwealth v. Bragg**, 133 A.3d 328, 332–33 (Pa. Super. 2016) (United States Supreme Court recognized narrow exception to **Alleyne** rule for prior convictions), *aff'd*, 169 A.3d 1024 (Pa. 2017).

Thus, the question presented in the present appeals is whether Appellants' prior acceptances of ARD constitute an unproven "fact," which must be submitted to a jury, or a prior conviction, which may be determined by the court at sentencing.

In **Commonwealth v. Lutz**, 495 A.2d 928 (Pa. 1985), the Pennsylvania Supreme Court explained the purpose of Pennsylvania's ARD program as follows:

- 12 -

ARD . . . is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.

Under the ARD rules, which this Court created in 1972 pursuant to our authority to supervise the lower courts, the district attorney has the discretion to refuse to submit a case for ARD, and if the case is submitted for ARD, the court must approve the defendant's admission. **These rules . . . also provide that the defendant must agree to the terms of the ARD, and that after he has completed the program successfully, the charges against him will be dismissed, upon order of court.** If he does not complete the ARD successfully, he may be prosecuted for the offense with which he was charged. The district attorney's utilization of ARD is optional under the rules.

The impetus behind the creation of such rules was the belief . . . that some "cases which are relatively minor or which involve social or behavioral problems . . . can best be solved by programs and treatments rather than by punishment."

*Id.* at 931 (citations omitted and emphasis added).

It is well-established that the admission into the ARD program is **not** considered a conviction for any purpose, other than classification of a defendant as a subsequent or habitual offender under the MVC. In *Commonwealth v. Knepp*, 453 A.2d 1016 (Pa. Super. 1982), this Court explained that admission to ARD is "not equivalent to a conviction . . . since charges are deferred until completion of the program." *Id.* at 1019 (footnote omitted). In that case, we concluded a trial court is permitted to consider the defendant's prior acceptance of ARD as a sentencing factor in determining the appropriate sentence within the guidelines range, so long as the court does "not ignore the presumption of innocence nor regard the prior arrest

information as evidence of criminal conduct."[8] **Id.** Nevertheless, as noted above, the MVC requires a trial court, in certain circumstances, to consider a defendant's prior acceptance of ARD as a prior conviction. **See** 75 Pa.C.S. §§ 1542(c) (ARD acceptance "shall be considered an offense" for determining if defendant is habitual offender whose license must be revoked), 1603 (definition of "conviction" includes acceptance of ARD), 3806(a) (acceptance of ARD constitutes "prior offense" for sentencing purposes).

Relevant herein, Section 3804 of the MVC mandates that an individual convicted of DUI, where there was an accident causing damage to a vehicle or property, shall be imprisoned for "not less than 30 days" when the DUI is the individual's "second offense." 75 Pa.C.S. § 3804(b)(1)(2)(i). As noted **supra**, Section 3806 defines "the term 'prior offense' as used in this chapter" to include a prior "acceptance of [ARD.]" 75 Pa.C.S. § 3806(a)(1). Subsection (b)(2) requires the court to "calculate the number of prior offenses, if any, at the time of sentencing." 75 Pa.C.S. § 3806(b)(2).

With this background in mind, we conclude Appellants' prior acceptances of ARD cannot be categorized as "prior convictions" exempt from the holding of **Apprendi** and **Alleyne**. First, the **Apprendi** Court described the "prior conviction" exception as "an exceptional departure from [ ] historic practice" and the **Alleyne** Court categorized it as "a narrow exception to [the] general

---

[8] Significantly, we note **Knepp** was decided prior to **Alleyne**, and did not involve a mandatory minimum sentence.

rule." ***Alleyne***, 570 U.S. at 112 n.1; ***Apprendi***, 530 U.S. at 487. Second, in analyzing the exception set forth in ***Almendarez-Torres***, the ***Apprendi*** Court emphasized that the defendant in that case "had **admitted** the three earlier convictions for aggravated felonies — all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own[.]" ***Apprendi***, 530 U.S. at 488. The Court concluded:

> Both the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that [the defendant in ***Almendarez-Torres***] did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.
>
> *     *     *
>
> [T]here is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which **the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt**, and allowing the judge to find the required fact under a lesser standard of proof.

***Id.*** at 488, 496 (footnote omitted and emphasis added). ***See also Aponte***, 855 A.2d at 811 ("Where . . . the judicial finding [at sentencing] is the fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that initially was **cloaked in all the constitutional safeguards**, and is now a matter of public record.") (emphasis added).

As explained above, ARD is a **pretrial** disposition of charges. ***Lutz***, 495 A.2d at 931. Upon successful completion of the program, a defendant is

entitled to move for dismissal of the charges and expungement of the corresponding arrest record. Pa.R.Crim.P. 319, 320(a). The "fact" that a defendant accepted ARD does not carry with it the procedural safeguards of a traditional conviction following a judge or jury trial. Indeed, the participating defendant need not admit his or her guilt, and the Commonwealth is not required to prove the defendant's culpability beyond a reasonable doubt. Therefore, we are compelled to conclude Appellants' prior acceptances of ARD do not fit within the limited "prior conviction" exception set forth in **Apprendi**, and by extension, **Alleyne**.[9]

Nevertheless, the trial court here found that Appellants' "prior ARD[s are] a **sentencing factor**," unlike the facts at issue in **Alleyne** "that were elements to the actual crime." Trial Ct. Op. at 5 (emphasis added). Because Appellants' prior ARDs are "unrelated" to their current DUI offenses, the trial court concluded they constituted "a sentencing factor that is taken into consideration when sentencing an individual of a DUI." **Id.** Therefore, the court found no "violation of Appellant[s'] due process rights and [their] right to a jury trial." **Id.**

Our review of the language in **Alleyne** upon which the trial court relies — supporting continued judicial fact finding in sentencing — reveals the

---

[9] The fact that the MVC and the Rules of Criminal Procedure label a defendant's prior acceptance of ARD as a "prior conviction" or offense does not control. **See Apprendi**, 530 U.S. at 496 ("[T]he mere presence of [the hate crime sentence] 'enhancement' in a sentencing statute does not define its character.") (footnote omitted).

Supreme Court was attentive to the "broad discretion of judges to select a sentence **within the range authorized by law**." ***See Alleyne***, 570 U.S. at 117 (emphasis added). Indeed, the High Court did not intend to restrict a sentencing court's discretion to consider numerous factors when imposing a sentence **within** the sentencing guideline ranges determined by the Legislature. ***See Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014) (*en banc*) (deadly weapon sentencing enhancement statute does not implicate ***Alleyne*** because it does not **mandate** minimum sentence; although, if applicable, enhancement statute requires court to raise standard guideline range, court "retains the discretion to sentence outside the guideline range").

Rather, the ***Alleyne*** Court focused on "facts" that statutorily increased a defendant's sentence **absent any discretion** on the part of the trial court, *i.e.*, mandatory minimum sentencing statutes. ***See Alleyne***, 570 U.S. at 114-15 ("When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."). ***Alleyne*** mandates that **any fact** that increases the defendant's sentence, with the narrow exception of a prior conviction, must be submitted to a jury and found beyond a reasonable doubt. The Supreme Court did not intend to permit a sentencing court to determine certain "facts" under the guise that they are general "sentencing factors," when the court has no discretion whether or not to impose the mandatory minimum term.

Therefore, because Appellants' prior acceptances of ARD do not constitute convictions "cloaked in all the constitutional safeguards,"[10] we conclude they are a "fact" that, pursuant to **Alleyne**, **Apprendi**, and their progeny, must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804. Accordingly, that portion of 75 Pa.C.S. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional.[11] Thus, we are constrained to vacate Appellants' sentences for DUI, and remand for resentencing as first-time DUI offenders.

What remains unresolved, however, is exactly what "facts" the Commonwealth must prove, beyond a reasonable doubt, in order to satisfy the constitutional concerns of **Alleyne** and its progeny. The Commonwealth

---

[10] **See Aponte**, 855 A.2d at 811.

[11] We note that in 2011, the Commonwealth argued to this Court that a defendant, who had accepted ARD for a prior DUI offense, but subsequently withdrew from ARD and was later acquitted of those charges, should have been sentenced as second-time DUI offender under Section 3806, for a subsequent charge. **Commonwealth v. Bowers**, 25 A.3d 349, 351 (Pa. Super. 2011). This Court agreed, holding "ARD acceptance qualifies as a prior DUI offense for purposes of sentencing on a future DUI conviction, 75 Pa.C.S.A. § 3806(b), despite the fact that the defendant was ultimately acquitted of the DUI charges leading to his or her ARD acceptance." **Id.** at 358. However, **Bowers** was issued before, and thus not governed by, the Supreme Court's 2013 decision in **Alleyne**.

suggests proof a defendant accepted ARD for a prior DUI offense, without more, is sufficient to enhance the present sentence. Commonwealth's Brief at 9. The Commonwealth argues: "The Pennsylvania Legislature may enact statutes and ordinances for the welfare and health of its citizens, so long as statutes or ordinances are reasonable and not arbitrary and do not invade fundamental liberties." *Id.* Further, because "[t]he General Assembly had more than a rational basis to impose increasing punishments for recidivist drunk drivers[,]" the Commonwealth insists proof of a prior acceptance of ARD is a proper sentencing enhancement. *Id.* at 11.

We disagree. Instead, we agree with Appellants that "[t]he treatment of an ARD acceptance conclusively as a prior offense, resulting in enhanced punishment with a mandatory minimum sentence, offends both substantive and procedural due process."[12] *See* Chichkin's Brief at 13; Roche's Brief at 14.

---

[12] Appellants do not engage in an *Edmunds* analysis; instead their challenge is limited to the protections provided by the Due Process Clause in the United States Constitution. *See Commonwealth v. Edmunds*, 586 A.2d 887, 895 (Pa. 1991) (to raise challenge for higher protection under Pennsylvania Constitution appellant must "brief and analyze" four factors including text of the Pennsylvania provision, history of the provision, related caselaw from other states, and policy considerations).

The Pennsylvania Supreme Court recently explained the fundamental differences between procedural and substantive due process concerns:[13]

> Procedural due process "is a flexible concept which 'varies with the particular situation.'" **Bundy v. Wetzel**, 646 Pa. 248, 258, 184 A.3d 551, 557 (2018) (*quoting Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 984, 108 L.Ed.2d 100 (1990)). Its "central demands" are "an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" **Id.** (*quoting* **Commonwealth v. Maldonado**, 576 Pa. 101, 108, 838 A.2d 710, 714 (2003)). Such requirements, however, "are implicated only by adjudications, not by state actions that are legislative in character." **Small v. Horn**, 554 Pa. 600, 613, 722 A.2d 664, 671 (1998).
>
> \* \* \*
>
> Under the heading of "substantive due process," the Due Process Clause not only guarantees a fair process, but "provides heightened protection against government interference with certain fundamental rights and liberty interests." **Commonwealth v. Bullock,** 590 Pa. 480, 491, 913 A.2d 207, 214 (2006) (*quoting* **Washington v. Glucksberg**, 521 U.S. 702, 719-20, 117 S. Ct. 2258, 2267, 138 L.Ed.2d 772 (1997)).

**Sutton v. Bickell**, 220 A.3d 1027, 1032-33 (Pa. 2019). "[F]or substantive due process rights to attach there must first be the deprivation of a property right or other interest that is constitutionally protected." **Khan v. State Bd. of Auctioneer Examiners**, 842 A.2d 936, 946 (Pa. 2004). Prominent in due process jurisprudence is the protection afforded to those accused of a crime:

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except

---

[13] The Due Process Clause is embedded in Section 1 of the Fourteenth Amendment to the United States Constitution, which provides, *inter alia*: "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST., amend XIV, § 1.

upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

***In re Winship***, 397 U.S. 358, 364 (1970).

In ***Nelson v. Colorado***, 137 S. Ct. 1249 (U.S. 2017), the United States Supreme Court considered whether a state is "obliged to refund fees, court costs, and restitution exacted from [a] defendant upon, and as a consequence of, [a] conviction" when that conviction is subsequently "invalidated by a reviewing court and no retrial will occur[.]" ***Nelson,*** 137 S. Ct. at 1252. The statute at issue permitted the state to retain the funds "unless and until" the exonerated defendant proved "her innocence by clear and convincing evidence" in a separate civil proceeding. ***Id.*** The ***Nelson*** Court held "[t]his scheme . . . offends the Fourteenth Amendment's guarantee of due process" because "[a]bsent conviction of a crime, one is presumed innocent." ***Id.*** Specifically, in concluding the procedure violated substantive due process concerns, the Court explained:

> "[A]xiomatic and elementary," the presumption of innocence "lies at the foundation of our criminal law." [A state] may not retain funds taken from [defendants] solely because of their now-invalidated convictions, for [a state] may not presume a person, **adjudged guilty of no crime, nonetheless guilty enough** for monetary exactions.

***Id.*** at 1255–56 (citations and footnotes omitted).

Here, the Commonwealth seeks to label Appellants as "recidivist drunk drivers" based solely on their prior acceptances of ARD. ***See*** Commonwealth's Brief at 11. However, as we explained ***supra***, "ARD . . . is a pretrial disposition" and admission into an ARD program is "not equivalent to a

- 21 -

conviction . . . since charges are deferred until completion of the program." *Lutz*, 495 A.2d at 931; *Knepp*, 453 A.2d at 1019 (footnote omitted). By treating a defendant's mere prior acceptance of ARD as a prior conviction for sentencing purposes, the Legislature, like the state in *Nelson*, determined a defendant, who has been "adjudged guilty of no crime" is "nonetheless guilty enough" to be considered a recidivist drunk driver subject to enhanced penalties. *Nelson*, 157 S.Ct. at 1256.

Due process considerations protect those accused of committing a crime from conviction "except upon proof beyond a reasonable doubt." *Winship*, 397 U.S. at 364. Under the statutory scheme at issue here, Appellants' prior acceptances of ARD are treated as prior convictions of DUI, absent the constitutional protections of a trial or guilty plea — most significantly, a finding or admission of guilt beyond a reasonable doubt. Accordingly, if the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense.[14] Any lesser standard would violate due process concerns.

_____

[14] We note the fact Roche had a prior DUI offense was referred to at her guilty plea hearing in the following manner:

> [Commonwealth:] Your Honor, we are proceeding by way of 3802(a)(1), with accident. This is a mandatory minimum matter, and this should be a Tier II offense.

> THE COURT: You're expecting that there is a prior offense?

Therefore, we conclude the particular provision of 75 Pa.C.S. § 3806(a), which defines a prior acceptance of ARD in a DUI case as a "prior offense" for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional. We thus further conclude Appellants' constitutional rights were violated when the trial court increased their sentences based solely upon their prior acceptances of ARD, absent proof beyond a reasonable doubt that Appellants committed the prior offenses. Accordingly, we vacate the judgments of sentence, and remand for resentencing consistent with this opinion.

---

[Roche's Counsel]: That's correct, Your Honor.

N.T., Guilty Plea, at 4.

Nevertheless, during her plea colloquy, Roche was **not** asked to confirm her prior DUI arrest, nor her prior acceptance of ARD. Rather, the sole mention of her mandatory minimum sentence was during the colloquy in the following exchange, when the Commonwealth informed Roche of her limited appeal rights:

> [Commonwealth: Y]ou could argue that the sentence the judge was impose is an unlawful sentence. However, I can assure you that the sentence which has been negotiated between your attorney and me to the mandatory minimum sentence . . . is the lowest sentence allowed by law.
>
> Do you understand that?
>
> [Roche]: Yes, sir.

N.T. Guilty Plea at 8. Nowhere during the guilty plea hearing did the Commonwealth prove, or did Roche concede, that she committed the prior DUI offense. Accordingly, her enhanced sentence violates **Alleyne** and due process concerns.

- 23 -

Judgments of sentence vacated. Cases remanded for resentencing. Jurisdiction relinquished.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/20/2020*