J-A16013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GARRETT JAMES HAYES | : | No. 3 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 24, 2020,
in the Court of Common Pleas of Adams County,
Criminal Division at No(s): CP-01-CR-0000190-2020.

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:                    **FILED JULY 16, 2021**

The Commonwealth appeals from the judgment of sentence imposing five years' probation (with 90 days of restrictive, driving-under-the-influence conditions) against Garrett James Hayes.[1]  It disagrees with the trial court's extension of ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), to declare new portions of 75 Pa.C.S.A. § 3806(a) (defining "Prior Offense" for DUI purposes)[2] to be unconstitutional.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Sitting without a jury, the trial court convicted Hayes under 75 Pa.C.S.A. §§ 3709(a) (littering on the highway), 3714(a) (careless driving), 3802(a)(1) (DUI), and 3802(c) (DUI – highest rate of alcohol).

[2] Prior Offense "shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition . . . ." 75 Pa.C.S.A. § 3806(a), *unconstitutional in part*, ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020).

In **Chichkin**, we held the Constitution of the United States prohibits the General Assembly from counting an "Accelerated Rehabilitation Disposition" as a prior offense. Doing so "offends the Due Process Clause and is therefore unconstitutional." **Chichkin**, 232 A.3d at 971. However, we did not perform a severability analysis to see if the rest of the statute survived our declaration of unconstitutionality. **See id.**

The trial court therefore undertook that analysis in the instant case. **See** Trial Court Opinion, 2/10/21, at 6-7. It determined that a related phrase of Section 3806(a), *i.e.*, "or other form of preliminary disposition," was not severable from the portion of that statute that we deemed unconstitutional in **Chichkin**. Thus, the trial court concluded the General Assembly likewise may not count out-of-state, ARD-like dispositions as "prior offenses" under the Due Process Clause;[3] **Alleyne v. United States**, 570 U.S. 99, (2013); and **Apprendi v. New Jersey**, 530 U.S. 466, (2000). The court held "the entire provision of [75 Pa.C.S.A.] § 3806(a), 'acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition,' is unconstitutional." Trial Court Opinion, 2/10/21, at 7.

This Court may not address the merits of that holding, because we lack subject-matter jurisdiction over this appeal. Whether we have subject-matter jurisdiction presents a pure question of law, for which "the standard of review

_____

[3] The Due Process Clause dictates that, "No State shall . . . deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amnd. XIV.

- 2 -

. . . is *de novo*, and the scope of review is plenary." ***In re Admin. Order No. 1-MD-2003***, 936 A.2d 1, 5 (Pa. 2007) (case citations and some punctuation omitted). The issue of subject-matter jurisdiction "may be raised at any time . . . including by a reviewing court *sua sponte*." ***Id.***

According to the Pennsylvania Judicial Code, the appellate jurisdiction of this Court is **residual**. In other words, we have subject-matter jurisdiction over appeals that fall outside the jurisdiction of the other appellate courts. "Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas . . . **except** such classes of appeals as are . . . **within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.**" 42 Pa.C.S.A. § 742 (emphasis added).

Among other direct appeals, the Supreme Court of Pennsylvania has **exclusive** appellate jurisdiction if a "court of common pleas has held invalid as repugnant to the Constitution . . . any statute of this Commonwealth . . ." 42 Pa.C.S.A. § 722(7). Because the trial court extended ***Chichkin*** to declare additional words of 75 Pa.C.S.A. § 3806 unconstitutional, the Commonwealth should have appealed directly to the Supreme Court of Pennsylvania. Under 42 Pa.C.S.A. § 705, we transfer its appeal there.

Appeal transferred to the Supreme Court of Pennsylvania.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>07/16/2021</u>