J-E01003-22

2022 PA Super 169

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD ALEKSANDR MOROZ | : | No. 282 MDA 2021 |

Appeal from the Judgment of Sentence Entered February 4, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No:  CP-14-CR-0001515-2019


BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

CONCURRING OPINION BY STABILE, J.:     **FILED: OCTOBER 4, 2022**

I concur fully in the Majority's decision to overrule this Court's prior panel decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020).   **Chichkin** did not accord our Legislature the deference due its judgment to declare that a prior acceptance into the accelerated rehabilitative disposition (ARD) program in the prosecution of a driving under the influence (DUI) reoffender shall be considered as a "prior offense" for DUI sentencing enhancement purposes as per 75 Pa.C.S.A. § 3806(a).  A defendant who reoffends after being given the grace of accepting ARD for prior DUI demonstrates that he or she is not worthy of the chance to rehabilitate themselves in exchange for forgoing a criminal conviction.  Consequently, our Legislature declared that if a defendant reoffends, prior acceptance of ARD shall be considered a "prior offense" for sentencing purposes.  Our Legislature

was well within its prerogative to increase punishment for re-offense of this serious crime. Plain and simple, drunk driving kills people.[1] I write separately, however, to address the statement in **Chichkin** that, based upon **Alleyne**, [2] "if the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense." **Id.** at 970-71 (footnote omitted). The Commonwealth attempted to do so here by suggesting that a "blind judge" separately hear evidence on the prior DUI charge. The trial court ultimately rejected this suggestion and, relying upon **Chichkin**, sentenced the defendant as a first-time offender. As well-intentioned as the Commonwealth's attempt may have been to address the **Alleyne** problem at sentencing, its proposed solution would not have solved the **Alleyne** problem. In **Alleyne**, the United States Supreme Court, held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103. Establishing the fact of a prior ARD at

_____

[1] Sadly, it appears that many people do not consider driving while impaired to be a serious offense. In the continuation of a twenty-year campaign known as Operation Nighthawk, the Pennsylvania State Police announced the arrests of 492 individuals who were driving under the influence of alcohol or controlled substances during a two-day detail on August 12-13, 2022. **See** https://www.abc27.com/local-news/operation-nighthawk-nets-nearly-500-dui-arrests-in-pennsylvania/

[2] **Alleyne v. United States**, 570 U.S. 99 (2013).

sentencing during an evidentiary hearing conducted only by the sentencing judge or a blind judge, without the benefit of Section 3806(a), does not satisfy a defendant's right to have all facts that increase the penalty for a crime determined by a jury.

Alternatively, I also have serious concerns about any attempt to prove a prior ARD during the trial of a current DUI offense. As a general rule, evidence of a defendant's other crimes or wrongful acts is not admissible to prove the current offense being tried. *See* Pa.R.E. 404(b). The impact of introducing evidence of other crimes is significant and may be highly prejudicial. ***Commonwealth v. Hicks***, 156 A.3d 1114, 1128 (Pa. 2017). Were we to affirm the panel decision in ***Chichkin***, the practical effect of doing so would likely be a complete inability of the Commonwealth to seek a sentencing enhancement for a defendant who is a DUI reoffender. Given this dilemma, it is likely that prosecutors would substantially curtail their discretion to offer ARD, thus defeating the use of a program designed to encourage offenders to make a fresh start after participation in a rehabilitative program. ***See*** Majority Opinion, at 6-7.