J-S16033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADEN HOWARD NEAL | : | No. 1516 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 21, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000577-2020

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED:  OCTOBER 28, 2022**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered following the guilty plea of Appellee, Braden Howard Neal, to driving under the influence ("DUI")—highest rate of alcohol, DUI—general impairment, and accidents involving damage to unattended vehicle or property.[1]  We vacate the judgment of sentence and remand for resentencing.

At approximately 3:20 a.m. on December 22, 2019, an officer with the Ferguson Township Police Department responded to a report of a vehicle crash.  The vehicle was empty, but the officer discovered Appellee walking along the road nearby.  The officer approached Appellee, observed indicia that Appellee had been consuming alcohol, and asked Appellee to perform field

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(c), 3802(a)(1), and 3745(a), respectively.

sobriety tests, which he failed. Appellee was then taken to a hospital where he consented to chemical testing of his blood. A laboratory analysis indicated that Appellee had a blood alcohol content of 0.194%.

On September 17, 2021, Appellee entered an open guilty plea to the above-stated crimes. Sentencing was deferred to allow the parties to submit sentencing memoranda to address whether Appellee should be considered a first- or second-time DUI offender following this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). In **Chichkin**, we held that the Section 3806(a) of the Vehicle Code's classification of acceptance of Accelerated Rehabilitative Disposition ("ARD") in an earlier DUI prosecution as a "prior offense" violated due process.[2] **Id.** at 969-71. Appellee previously entered into an ARD program to resolve a DUI charge based upon a 2016 incident, and therefore, but for **Chichkin**, Section 3804 of the Vehicle Code required the trial court to sentence Appellee as a two-time DUI offender.[3]

---

[2] A "prior offense" is defined in Section 3806(a) to include "any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation." 75 Pa.C.S. § 3806(a).

[3] Section 3804 of the Vehicle Code sets forth escalating mandatory minimums for first, second, and subsequent DUI offenses. 75 Pa.C.S. § 3804. Notably, the prior offense must have occurred within ten years of the subsequent offense or after the date of the subsequent offense. 75 Pa.C.S. § 3806(b)(1). Appellee's prior ARD acceptance satisfies this temporal requirement.

At the October 21, 2021 sentencing, the trial court determined that it was bound by ***Chichkin*** and sentenced Appellee as a first-time DUI offender. The court sentenced Appellee on count I, DUI—highest rate of alcohol to six months of probation with 20 days of house arrest and a $1,000 fine, no further punishment on count II, DUI—general impairment, and a $300 fine and $300 of restitution on count III, accidents involving damage to unattended vehicle or property. The Commonwealth thereafter filed this timely appeal. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

> The Commonwealth raises the following issue for our review:
>
> Whether the sentencing [c]ourt erred in finding Appellee was a first-time offender, as opposed to a second-in-ten-year offender, under the Pennsylvania recidivist [DUI] sentencing statute where it relied upon [***Chichkin***], failed to recognize [ARD] acceptance has sufficient due process protections to be equated to a prior conviction, failed to recognize and follow controlling Pennsylvania precedential case law, and failed to consider guiding extra-jurisdictional decisions?

Commonwealth Brief at 7.

The Commonwealth argues that ***Chichkin*** erroneously concluded that Pennsylvania's ARD procedure does not provide adequate due process protections, the decision is based upon a flawed reading of our precedent as well as ***Alleyne v. United States***, 570 U.S. 99 (2013), and that decisions of our sister states reinforce the conclusion of our legislature that placement in diversionary programs with adequate due process protections may properly be considered a prior conviction for the purpose of sentencing a DUI recidivist.

- 3 -

The Commonwealth's argument addressing the constitutionality of the DUI sentencing statute implicates the legality of Appellee's sentence. **See Commonwealth v. Prinkey**, 277 A.3d 554, 556 (Pa. 2022). "The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S. § 9781(a). A claim relating to the legality of a sentence presents a pure question of law as to which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Derrickson**, 242 A.3d 667, 673 (Pa. Super. 2020).

This Court, sitting *en banc*, addressed the Commonwealth's challenge to **Chichkin** in two recent opinions. **See Commonwealth v. Richards**, ___ A.3d ___, 2022 PA Super 170 (filed October 4, 2022) (*en banc*); **Commonwealth v. Moroz**, ___ A.3d ___, 2022 PA Super 169 (filed October 4, 2022) (*en banc*).[4] In these decisions, we noted that the General Assembly expressly provided in the Vehicle Code that prior acceptance of ARD constitutes a conviction for purpose of computing sentences on subsequent convictions. **Richards**, 2022 PA Super 170, slip op. at 6-7; **Moroz**, 2022 PA Super 169, slip op. at 6-8. Furthermore, we reviewed **Alleyne** and related United States Supreme Court precedent and determined that ARD falls into the "prior conviction" exception to the general rule that any fact that increases

---

[4] We note that our Supreme Court has granted the Commonwealth's petition for allowance of appeal in another case applying **Chichkin** in order to address whether **Chichkin** was correctly decided. **See Commonwealth v. Verbeck**, 270 A.3d 1098 (Pa. 2022) (*per curiam* order).

a criminal penalty must be submitted to the jury and proved beyond a reasonable doubt. **Richards**, 2022 PA Super 170, slip op. at 8, 11-12; **Moroz**, 2022 PA Super 169, slip op. at 8, 11-12. Accordingly, we "expressly overrule[d] **Chichkin**," and held "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Richards**, 2022 PA Super 170, slip op. at 12; **see also Moroz**, 2022 PA Super 169, slip op. at 12.

Here, the trial court relied on **Chichkin** in disregarding Appellee's earlier acceptance of ARD as a prior offense when it sentenced him as a first-time DUI offender. In light of **Richards** and **Moroz**, this ruling was in error. **See Moroz**, 2022 PA Super 169, slip op. at 12 (concluding that "the trial court erred in sentencing [the a]ppellee as a first-time DUI offender without considering his acceptance of ARD for a prior DUI"); **see also Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (noting that Pennsylvania appellate courts apply law in effect at time of decision and parties are entitled to benefit of changes in law while appeal is pending). Accordingly, we vacate Appellee's judgment of sentence and remand for resentencing consistent with this decision. **See Moroz**, 2022 PA Super 170, slip op. at 12.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2022