J-S07044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                           :                PENNSYLVANIA
                           :
             v.                    :
                           :
                           :
CHRYSTEENA DAWN CLEVENGER   :
                           :
            Appellant       :      No. 1365 MDA 2023

Appeal from the Judgment of Sentence Entered September 18, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000081-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:        **FILED: AUGUST 12, 2025**

      Chrysteena Dawn Clevenger, appeals from the judgment of sentence, entered in the Court of Common Pleas of Adams County, following her guilty plea to driving under the influence (DUI)—controlled substance.[1]  We vacate Clevenger's judgment of sentence and remand for resentencing.

      On November 2, 2021, Clevenger was arrested following a traffic stop and subsequently charged with various DUI offenses and a summary motor vehicle offense. The DUI offenses were charged as second offenses and graded as first-degree misdemeanors based upon Clevenger's resolution of a prior DUI charge through the accelerated rehabilitative disposition (ARD) process. At an April 18, 2022 hearing, Clevenger made an oral motion to bar

_____

[*] Colins, J., did not participate in the consideration or decision of this case.

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

consideration of her earlier ARD as a prior offense at sentencing. At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing purposes in a subsequent DUI prosecution.

> In **Chichkin**, we held that the classification of ARD as a prior offense in [s]ection 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. [**See**] 75 Pa.C.S.[A.] § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S.[A.] § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses). The trial court granted Clevenger's motion to bar consideration of the prior ARD as a first DUI offense at the April 18, 2022 hearing. Clevenger then entered a negotiated guilty plea to one count of DUI—controlled substance as a first offense, ungraded misdemeanor. On June 20, 2022, the trial court sentenced Clevenger pursuant to the negotiated agreement to serve six months' probation, including ten days of house arrest, and pay a fine of $1,000.

**Commonwealth v. Clevenger**, No. 995 MDA 2022, 2023 WL 3298958, *1 (Pa. Super., filed May 8 2023) (unpublished memorandum decision) (some citations omitted). The Commonwealth appealed. This Court vacated and remanded in light of our subsequent decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (en banc), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (en banc), both of which expressly overruled **Chichkin**. **See Commonwealth v. Clevenger**, 1365 MDA 2023 (Pa. Super. filed Aug. 15, 2024) (unpublished memorandum decision). On remand, the trial court sentenced Clevenger for DUI—controlled substance as

a second offense to 24 months' probation, with a 90-day restrictive term to be served on house arrest. Clevenger appealed, and we affirmed. ***See id.*** Clevenger filed a petition for allowance of appeal and, on June 18, 2025, the Pennsylvania Supreme Court entered an order vacating this Court's order and remanding to this Court for reconsideration in light of its decision in ***Commonwealth v. Shifflett***, 335 A.3d 1158 (Pa. 2025). ***See Commonwealth v. Clevenger***, 447 MAL 2024 (Pa. filed June 18, 2025).

In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in ***Alleyne v. United States***, 570 U.S. 99 (2013) and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in ***Apprendi*** and ***Alleyne*** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in ***Apprendi*** and ***Alleyne***. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under [s]ection 3806 to increase the penalty for a subsequent conviction pursuant to [s]ection 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

***Shifflett***, 335 A.3d at 1175.

Thus, our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Based upon the express

- 3 -

holding in **Shifflett**, we vacate Clevenger's judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Colins, J., Did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025