J-S07012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL T. FLANAGAN | : | No. 363 WDA 2021 |

Appeal from the Order Entered February 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001129-2020

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: September 19, 2025**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the February 16, 2021 order entered in the Court of Common Pleas of Allegheny County that granted the petition for *writ* of *habeas corpus* filed on behalf of Michael T. Flanagan ("Flanagan"). In our prior disposition entered on November 30, 2022, we concluded that since a defendant's voluntary entrance into a diversionary program qualified as a prior conviction for purposes of 75 Pa.C.S.A. § 3804, the trial court erred in granting Flanagan's petition *writ* of *habeas corpus*. ***Commonwealth v. Flanagan***, 289 A.3d 98 (Pa. Super. filed Nov. 30, 2022) (unpublished memorandum). The Commonwealth then pursued further relief, and now this case returns to us pursuant to a *per curiam* order filed by our Supreme Court on June 18, 2025.

---

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Flanagan*, 2025 WL 1701834, 294 WAL 2022 (Pa. filed Jun. 18, 2025) (slip copy).  In its order, our Supreme Court vacated the prior disposition in this matter and remanded this case back to us for reconsideration in light of *Commonwealth v. Shifflett*, 335 A.3d 1158 (Pa. 2025).  Upon reconsideration, we are constrained to affirm the order granting Flanagan's petition for *writ* of *habeas corpus*.

By way of background, on March 17, 2020, Flanagan was charged with driving under influence of alcohol or controlled substance ("DUI") – highest rate of alcohol and DUI – general impairment, as well as six summary offenses.[1]  Flanagan's two DUI charges were identified as second DUI offenses, under 75 Pa.C.S.A. § 3804, because Flanagan previously participated in an accelerated rehabilitative disposition ("ARD") program in conjunction with a prior DUI related criminal matter and his participation in the ARD program was considered a prior offense under Section 3806 of the Vehicle Code.  Criminal Information, 3/17/20; *see also* 75 Pa.C.S.A. § 3806(a)(1).

On December 14, 2020, Flanaghan filed a petition for *writ* of *habeas corpus* requesting that the trial court dismiss the charges filed against him, or

---

[1] 75 Pa.C.S.A. §§ 3802(c) and 3802(a)(1), respectively.  Flanagan was charged with the following summary offenses: reckless driving, careless driving, limitations on driving on left side of roadway, driving on roadways laned for traffic, meeting vehicle proceeding in opposite direction, and driving on right side of roadway.  75 Pa.C.S.A. §§ 3736(a), 3714(a), 3306(a)(1), 3309(1), 3302, and 3301(a), respectively.

in the alternative, order the Commonwealth to amend the criminal information to reflect that his current DUI charges were charged as first offenses. In his petition, Flanagan asserted that the Commonwealth was unable to establish a prior DUI offense for purposes of sentencing him, pursuant to 75 Pa.C.S.A. § 3804, which prescribed an increased penalty for second and subsequent DUI offenses. Petition for *Writ* of *Habeas Corpus*, 12/4/20, at ¶7. To support his claim, Flanagan relied upon this Court's then-recent decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). **Id.** at ¶6. On March 10, 2021, the trial court granted Flanagan's petition for *writ* of *habeas corpus*.[2]

On May 20, 2025, our Supreme Court, in **Shifflett**, **supra**, held that "Section 3806 is facially unconstitutional to the extent it allows a previous acceptance of ARD to be used as the basis for an enhanced sentence under Section 3804[.]" **Shifflett**, 335 A.3d at 1178. In so holding, the **Shifflett** Court severed the reference to ARD from the definition of "prior offense" in Section 3806 and, as such, participation in ARD can no longer constitute a

---

[2] It is unclear from the trial court's order granting the petition for *writ* of *habeas corpus*, whether the trial court dismissed the criminal charges filed against Flanagan or, alternatively, ordered the Commonwealth to file amended criminal charges. **Compare** Trial Court Order, 3/10/21 (stating, Flanagan's petition for *writ* of *habeas corpus* is granted) **and** N.T., 2/16/21, at 13 (stating, "I [(referring to the trial court)] have to grant the [petition]") **with** Trial Court Opinion, 7/27/21, at 2 (stating, the trial court "granted [Flanagan's p]etition requiring the Commonwealth to amend the criminal information to accurately reflect the charges filed as a first offense").

"prior offense" for purpose of an enhanced criminal charge and sentence under Section 3804. *Id.*

Because acceptance of ARD may no longer permissibly be used to charge an individual with a second-offense DUI, we affirm the trial court's order granting Flanagan's petition for *writ* of *habeas corpus* in accordance with our Supreme Court's recent opinion in **Shifflett**.

Order affirmed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judge Pellegrini did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/19/2025