J-S25035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DACK ANTHONY LITTLE | : | |
| | : | |
| Appellant | : | No. 1856 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 14, 2019
In the Court of Common Pleas of Juniata County
Criminal Division at No(s):  CP-34-CR-0000224-2017

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                         **FILED JULY 27, 2020**

Appellant, Dack Anthony Little, appeals from the judgment of sentence entered in the Juniata County Court of Common Pleas, following his bench trial convictions for driving under the influence of alcohol ("DUI")—general impairment[1] and summary traffic offenses.  We affirm the convictions, vacate the judgment of sentence, and remand for resentencing.

The relevant facts and procedural history of this appeal are as follows.  At approximately 9:49 p.m. on August 31, 2017, Pennsylvania State Police Trooper Christopher Wilson was on patrol when he observed a Ford Explorer ignore a stop sign.  Trooper Wilson followed the vehicle, activated the lights on his patrol car, and conducted a traffic stop.

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

Trooper Wilson approached the driver's side of the vehicle. Appellant occupied the driver's seat, and there were no passengers. Trooper Wilson informed Appellant of the reason for the stop, and he asked Appellant for his driver's license, registration, and proof of insurance. Appellant apologized for not stopping at the stop sign, and Trooper Wilson noticed a strong odor of alcohol coming from inside the vehicle. Further, Appellant's eyes appeared bloodshot and his speech was slurred.

Trooper Wilson asked Appellant to exit the vehicle, and Appellant complied. Upon exiting, Appellant lost his footing and stumbled. Trooper Wilson asked Appellant if he would perform a standard field sobriety test. Trooper Wilson proceeded to conduct the horizontal gaze nystagmus test. Trooper Wilson then asked Appellant to perform the "walk and turn" test. Appellant took a step, stumbled to the right, and requested a breath test instead. At that point, Trooper Wilson took Appellant into custody for DUI and transported him to a local hospital.

On December 4, 2017, the Commonwealth filed a criminal information charging Appellant with DUI—general impairment and related traffic offenses. Appellant proceeded to a bench trial, and the court found Appellant guilty of all charges. On June 14, 2019, the court conducted Appellant's sentencing hearing and determined the current DUI conviction was Appellant's "second

offense for sentencing and a refusal situation."[2]  (Order, entered 6/14/19, at 1).  Consequently, the court sentenced Appellant to a mandatory term of five (5) days to six (6) months' imprisonment, pursuant to 75 Pa.C.S.A. § 3804(a)(2).  Appellant timely filed post-sentence motions on June 21, 2019, which the court denied by order dated October 21, 2019.

Appellant timely filed a notice of appeal on November 14, 2019.  On November 18, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely filed his Rule 1925(b) statement on November 25, 2019.

Appellant now raises two issues for our review:

> Was the evidence presented at trial legally insufficient to support the guilty verdict with respect to the charge under 75 Pa.C.S.A. § 3802(a)(1) as the Commonwealth's evidence failed to establish beyond a reasonable doubt that [Appellant] had imbibed a sufficient amount of alcohol to render him incapable of safely operating the movement of his vehicle?
>
> Did the sentencing court err in denying [Appellant's] post-sentence motion which sought to treat his DUI offense as a first offense for sentencing purposes as 75 Pa.C.S.A. § 3806 is unconstitutional pursuant to *Apprendi v. New Jersey*, [530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435] (2000), and *Alleyne v. United States*, [570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314] (2013), and is not severable from 75 Pa.C.S.A. § 3804 and 75 Pa.C.S.A. § 3803?

(Appellant's Brief at 4).

---

[2] "[Appellant's] first DUI offense was in 2010 and he received Accelerated Rehabilitation Disposition [("ARD")] for that offense."  (Trial Court Opinion, filed January 7, 2020, at 1).

- 3 -

In his first issue, Appellant argues the Commonwealth did not demonstrate that he "struggled with his ambulatory or other motor skills beyond an initial struggle to get out of the vehicle." (Appellant's Brief at 10). Appellant claims he had no trouble interacting with the trooper, he was not belligerent, and he easily retrieved his vehicle's paperwork. Appellant asserts he requested a breath test to demonstrate that he was not intoxicated, but the trooper did not perform the test. Other than a single instance of failing to obey a stop sign, Appellant insists the trooper did not observe circumstances demonstrating that Appellant was incapable of safe driving. Based upon the foregoing, Appellant concludes the Commonwealth presented insufficient evidence to support his DUI conviction. We disagree.

With respect to Appellant's sufficiency claim:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of

witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Motor Vehicle Code defines the offense of DUI as follows:

**§ 3802.    Driving under influence of alcohol or controlled substance**

**(a)  General impairment.—**

(1)    An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

"Subsection (a)(1) is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving." *Commonwealth v. Loeper*, 541 Pa. 393, 402-03, 663 A.2d 669, 673-74 (1995).

The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.  Blood alcohol level may be added to this list, although it is not necessary….

\*    \*    \*

>   Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

***Commonwealth v. Segida***, 604 Pa. 103, 115-16, 985 A.2d 871, 879 (2009).

Instantly, Trooper Wilson conducted a traffic stop after watching Appellant ignore a stop sign. Upon speaking with Appellant, Trooper Wilson immediately detected a strong odor of alcohol. Trooper Wilson also observed Appellant's bloodshot eyes and slurred speech. When Trooper Wilson asked Appellant to exit the vehicle, Appellant was unsteady on his feet. Ultimately, Appellant admitted to drinking "two beers, three beers, give or take" earlier that day. (N.T. Trial, 2/5/19, at 46).

Here, the trial testimony established the indicia of intoxication necessary for the factfinder to conclude that Appellant was unable to drive safely. ***See Segida, supra***; 75 Pa.C.S.A. § 3802(a)(1). Viewing this evidence in the light most favorable to the Commonwealth as the verdict winner, sufficient evidence supported Appellant's DUI conviction. ***See Jones, supra***. Accordingly, Appellant is not entitled to relief on his first claim.

In his second issue, Appellant contends the court found that his acceptance of ARD in 2010 was a "prior offense" for purposes of imposing a mandatory minimum DUI sentence. Appellant complains the relevant statutory scheme is unconstitutional, because it requires a court to impose a mandatory sentence based upon facts that are not submitted at trial and

proven beyond a reasonable doubt. Additionally, Appellant maintains the ARD program and its admission process lack the procedural safeguards of a "conviction" following trial, and his prior ARD acceptance should not constitute a "prior offense" to trigger the imposition of a sentence under Section 3804. Appellant concludes his sentence is illegal. In light of this Court's recent case law, we agree.

The relevant standard and scope of review are as follows:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. This case will also necessarily call upon us to engage in statutory construction, which similarly presents a pure question of law and also implicates the legality of [the] sentence. Thus, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Hunt***, 220 A.3d 582, 585 (Pa.Super 2019) (internal citations and quotation marks omitted).

Section 3804 of the Motor Vehicle Code provides the following mandatory sentencing provisions:

> **§ 3804. Penalties**
>
> **(a) General impairment.—**Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
>
> \* \* \*
>
> (2) For a second offense, to:
>
> (i) undergo imprisonment for not less than five days;

- 7 -

75 Pa.C.S.A. § 3804(a)(2)(i).

Additionally, Section 3806 defines the term "prior offense" as follows:

**§ 3806.  Prior offenses**

**(a)  General rule.—**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1)   an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)

75 Pa.C.S. § 3806(a)(1).

Recently, this Court addressed the constitutionality of Section 3806 in

***Commonwealth v. Chichkin***, __ A.3d __, 2020 PA Super 121 (filed May 20,

2020).  There, two appellants received Section 3804 mandatory sentences for

DUI—general impairment, because both appellants had accepted ARD in

conjunction with a prior DUI offense.  On appeal, the appellants argued the

relevant statutory scheme was unconstitutional, because it did not provide the

procedural protections mandated by ***Alleyne*** for the factual determination

triggering the mandatory sentence.  ***See Chichkin, supra*** at *2.

This Court determined that the defendants' "prior acceptances of ARD

do not constitute convictions cloaked in all the constitutional safeguards, [and]

are a 'fact' that, pursuant to ***Alleyne***, ***Apprendi***, and their progeny, must be

presented to the fact finder and determined beyond a reasonable doubt before

a trial court may impose a mandatory minimum sentence under Section 3804." *Id.* at *8 (internal quotation marks and footnote omitted). The Court also noted:

> Due process considerations protect those accused of committing a crime from conviction except upon proof beyond a reasonable doubt. Under the statutory scheme at issue here, [the a]ppellants' prior acceptances of ARD are treated as prior convictions of DUI, absent the constitutional protections of a trial or guilty plea—most significantly, a finding or admission of guilt beyond a reasonable doubt. Accordingly, if the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense. Any lesser standard would violate due process concerns.
>
> Therefore, we conclude the particular provision of 75 Pa.C.S. § 3806(a), which defines a prior acceptance of ARD in a DUI case as a "prior offense" for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional. We thus further conclude [the a]ppellants' constitutional rights were violated when the trial court increased their sentences based solely upon their prior acceptances of ARD, absent proof beyond a reasonable doubt that [the a]ppellants committed the prior offenses.

*Chichkin, supra* at *10 (internal citation, quotation marks, and footnote omitted).

Instantly, the court imposed a Section 3804 mandatory sentence due to Appellant's acceptance of ARD for a prior DUI offense. (*See* Trial Court Opinion at 1). In light of the relevant case law, the court violated Appellant's constitutional rights when it increased his sentence based solely upon his prior acceptance of ARD, absent proof beyond a reasonable doubt that Appellant

actually committed the prior offense. ***See Chichkin, supra***. Accordingly, we are constrained to vacate Appellant's DUI sentence and remand this case for resentencing consistent with the mandates of ***Chichkin***.

Convictions affirmed; judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2020