J-S54039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLEAH CLARRINDA FILAN | : | |
| | : | |
| Appellant | : | No. 942 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 8, 2020
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000292-2019

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 19, 2021**

Marleah Clarrinda Filan ("Filan") appeals from the judgment of sentence entered following her conviction of two counts of driving under the influence of a controlled substance ("DUI"), and one count each of possession of drug paraphernalia and possession of a small amount of marijuana.[1]  We vacate and remand for resentencing.

On September 6, 2018, shortly before 9:00 p.m., Littlestown Borough Police Officers Anthony Gilberto ("Officer Gilberto") and Nathanial Owens ("Officer Owens"), while driving on patrol, pulled behind a silver Subaru station wagon.  The officers' attention was drawn to the silver Subaru at the

_____

[1] **See** 18 Pa.C.S.A. § 3802(d)(1)(i), (ii); 35 P.S. § 780-113(a)(32), (38).

intersection of South Queen Street and Cemetery Street, in Littlestown, Adams County.

> They observed the silver Subaru almost came to a complete stop in the roadway and the front passenger of the Subaru motioned to a man standing on the western corner of Cemetery Street and South Queen Street. Officer Owens slowed his vehicle as a result of the silver Subaru almost coming to a complete stop in the roadway.

Suppression Court Opinion, 7/11/19, at 2 (paragraph designations and formatting omitted). As the officers followed the Subaru, they noticed that the Subaru's front windows were open, and further detected an odor of burnt marijuana. As they continued following the Subaru, the officers detected a strong odor of burnt marijuana emanating from the vehicle. Thereafter, the officers stopped the vehicle. During the course of the vehicle stop, the officers detected the odor of marijuana coming from inside of the vehicle. The officers subsequently searched the vehicle, recovering a burnt marijuana "roach" from the inside of the vehicle, and a second burnt marijuana "roach" was recovered from Filan's person. *Id.* at 3.

Following her arrest, Filan filed a Motion to suppress the items seized as a result of the vehicle stop. Following a hearing, the trial court denied the Motion. On November 19, 2019, after a non-jury trial, the trial court found Filan guilty of the above-described charges. On January 10, 2020, Filan filed a Motion to continue sentencing pending completion of inpatient treatment. The trial court granted a continuance until March 17, 2020. Because of COVID-19 restrictions, sentencing was continued to June 8, 2020.

- 2 -

On June 8, 2020, Filan appeared with counsel for sentencing. The trial court found that Filan had a prior conviction, based upon her stipulation to a prior Accelerated Rehabilitative Disposition ("ARD"). Therefore, the trial court sentenced Filan, for her first count of DUI (75 Pa.C.S.A. § 3802(d)(1)(i)), to 60 months of probation with 180 days of restricting DUI conditions, all on house arrest with electronic monitoring. The trial court imposed no sentence for Filan's remaining conviction of DUI (75 Pa.C.S.A. § 3802(d)(1)(ii)), concluding that it merged with her first count for sentencing purposes. For her conviction of possession of drug paraphernalia, the trial court imposed a concurrent twelve-month term of probation.

On June 30, 2020, Filan filed a "Motion for Modification of Sentence *Nunc Pro Tunc* and for Extension of Time in Which to Report or Secure a Residence for House Arrest" (the "Post Sentence Motion"). On June 30, 2020, the trial court denied the Post Sentence Motion. Filan timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Filan presents the following issue for our review:

Whether the sentencing court erred in denying [the Post Sentence Motion,] inasmuch as said denial deprived [Filan] of the right to due process of law and subjected her to an unconstitutional and unlawful sentence[,] as pronounced in this Court's decision in **Commonwealth v. Chichkin**, [232 A.3d 959 (Pa. Super. 2020),] on May 20, 2020?

Brief for Appellant at 7.

Filan claims that the circumstances of her case are indistinguishable from those presented in *Chichkin* and *Commonwealth v. Roche*, 3475 EDA 2018, which was consolidated with *Chichkin*. Brief for Appellant at 11. According to Filan, the following stipulation was entered on the record at her bench trial:

> [Filan] has a prior conviction for driving under the influence[,] which stems from an incident on March 28, 2018, in Wyoming County, Pennsylvania, which resulted in [her] being placed on ARD on September 21, 2018, for a period of 12 months.

*Id.* (citation omitted). Filan argues that, although the stipulation referred to a "prior conviction," this is an error. *Id.* at 12. Filan argues that she successfully completed ARD, and that the instant offense should have been treated as a first offense, in accordance with this Court's holding in *Chichkin*. *Id.* Filan points out that the Superior Court's decision in *Chichkin* was filed 19 days prior to her sentencing. *Id.* According to Filan, her request to file the Post Sentence Motion was appropriate, as counsel's failure to challenge her sentence resulted in the denial of due process, and is an appropriate basis upon which to grant *nunc pro tunc* relief. *Id.* at 12-13.

As our Supreme Court has recognized, "where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." *Commonwealth v. Dimatteo*, 177 A.3d 182, 187 (Pa. 2018). Because Filan challenges the

legality of her sentence, any failure to timely file the Post Sentence Motion does not preclude our review. *See id.*

Motor Vehicle Code Section 3806 defines the term "prior offense" as, *inter alia*,

> any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for …
>
> (1)    an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a)(1).    In *Chichkin*, this Court, analyzing Section 3806(a)(1), and applying the United States Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), concluded that Section 3806(a)(1)'s inclusion of ARD as a "prior offense" for sentencing purposes is unconstitutional.[2]    As Filan points out, *Chichkin* was filed prior to her sentencing.

---

[2] Specifically, this Court concluded that

> the particular provision of 75 Pa.C.S.[A.] § 3806(a), which defines a prior acceptance of ARD in a DUI case as a "prior offense" for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional.    We thus further conclude [that the appellants'] constitutional rights were violated when the trial court increased their sentences based solely upon their prior acceptances of ARD, absent proof beyond a reasonable doubt that [the a]ppellants committed the prior offenses.

*Chichkin*, 232 A.3d at 971.

Here, the trial court improperly considered Filan's prior ARD as a prior conviction for sentencing purposes. The trial court has forwarded to this Court a Supplemental Opinion, acknowledging that Filan's sentence is illegal under **Chichkin**, and requesting a remand for resentencing. **See** Trial Court Opinion, 10/26/20, at 2. Because the record supports Filan's claim of an illegal sentence, we agree with the trial court's recommendation. Accordingly, we vacate Filan's judgment of sentence, and remand for resentencing in accordance with **Chichkin**.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Memorandum. Superior Court jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/19/2021