J-A03001-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT GEORGE HIGGINBOTHAM | |
| Appellant | No. 1091 EDA 2021 |

Appeal from the Judgment of Sentence April 27, 2021
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0003799-2020

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 1, 2022**

In this appeal, Appellant, Scott George Higginbotham, challenges the legality of his sentence entered after pleading guilty to driving under the influence of alcohol ("DUI") under 75 Pa.C.S.A. § 3802(b) (high rate of alcohol).  Appellant argues that he is a first-time DUI offender but was sentenced in error to the mandatory minimum fine for second-time offenders ($750.00) instead of the mandatory minimum fine for first-time offenders ($500.00).  We hold, pursuant to **Commonwealth v. Moroz**, — A.3d —, 2022 WL 4869900 (Pa. Super., Oct. 4, 2022) (*en banc*), that the court properly treated Appellant as a second-time offender due to his admission into Accelerated Rehabilitative Disposition ("ARD") six years before the present case.  Finding the sentence to be legal, we affirm.

The record reflects that Appellant entered ARD in 2014 following his arrest for DUI.  In 2020, Appellant was arrested and charged with DUI in the

present case. On January 20, 2021, Appellant pled guilty in the present case to DUI—high rate of alcohol, and he stipulated that his blood alcohol content was beneath .160%, within the "high rate of alcohol" level under Section 3802(b).[1] N.T., 1/20/21, at 6-7. The court deferred sentencing to permit evaluation of whether Appellant was eligible for "the new intermediate punishment."[2] *Id.* at 7.

At sentencing, the District Attorney and the Probation Department informed the court that Appellant was screened and approved for restrictive probation.[3] N.T., 4/27/21, at 3-4. Appellant acknowledged under oath that due to his admission into ARD in 2014, the present case is not an ARD case. *Id.* at 5-6. Defense counsel asked Appellant, "[Y]ou understand that despite the fact that this is being called a first offense, the probation department took [your prior ARD disposition] into account when coming up with this recommendation?" *Id.* at 6. Appellant answered, "Yes, sir." *Id.*

The court sentenced Appellant to six months' probation with restrictive DUI conditions and home confinement with GPS monitoring for the first thirty days. *Id.* at 8. With regard to Appellant's fine, defense counsel stated that

---

[1] Section 3802(b) defines "high rate of alcohol" as a blood alcohol level of at least .10% but less than .16%. *Id.*

[2] Amendments to the Judicial Code in 2019 changed the term "intermediate punishment" to "restrictive probation." *See* 42 Pa.C.S.A. § 9763.

[3] At sentencing, the District Attorney and the court correctly used the term "restrictive probation" instead of "intermediate punishment."

the "first offense midlevel would be a $500 fine," but the Commonwealth countered that "[i]t's $750." *Id.* The court fined Appellant $750.00. *Id.*

The Clerk of Courts indicated on Appellant's sentencing form that he was a second-time offender. Subsequently, the Department of Transportation suspended Appellant's license for twelve months and refused to make him eligible for the ignition interlock program for six months.

Appellant filed a timely notice of appeal and a timely statement of matters complained of on appeal arguing that the trial court erred by sentencing him as a second offender. On July 1, 2021, the trial court filed a Pa.R.A.P. 1925 opinion recommending that we affirm the judgment of sentence because Appellant waived his challenge to the legality of his sentencing by failing to order the transcript of the sentencing hearing. The record reflects, however, that the court reporter furnished the transcripts of both the guilty plea and sentencing hearings on June 22, 2021, nine days earlier. Accordingly, we proceed to the merits of this appeal.

Appellant raises a single issue in his brief:

> Did the Learned Trial Judge err in sentencing [Appellant] as a second offender middle tier rather than a first offender, middle tier that prevents [Appellant] from obtaining an ignition interlock until six months has expired of the one year ignition interlock requirement and require [Appellant] to serve a thirty (30) day jail (house arrest) sentence[?]

Appellant's Brief at 3. Relying on *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), Appellant argues that the court was required to treat him as a first-time offender despite his prior admission into ARD and thus

should have fined him $500.00, the mandatory minimum for first-time DUI offenders, instead of $750.00, the mandatory minimum for second-time offenders.[4]

This appeal is a challenge to the legality of Appellant's sentence. "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." **Moroz**, 2022 WL 4869900, *2. "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Id.** "A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Id.** "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Id.**

In **Chichkin**, a three-judge panel of this Court held that 75 Pa.C.S.A. § 3806 is unconstitutional to the extent it defines acceptance of ARD in a DUI case as a prior offense for sentencing purposes. **Chichkin** concluded that under **Alleyne v. United States**, 570 U.S. 99 (2013), the Sixth Amendment requires any fact that, by law, increases the penalty for a crime to be treated as an element of the offense, submitted to a jury and found beyond a

---

[4] Appellant does not challenge the portion of his sentence requiring six months' probation with restrictive DUI conditions and home confinement for the first thirty days.

- 4 -

reasonable doubt. Based on *Chichkin*, Appellant argues that his sentence is illegal because the court treated his acceptance of ARD as a prior offense, and found him a second-time offender, without submitting the fact that he entered ARD to a jury. As a result of this illegal sentence, Appellant complains, PennDOT suspended his driving license for twelve months and refused to admit him into the ignition interlock program for six months.

Appellant's reliance on *Chichkin* fails because we recently overruled *Chichkin* in *Moroz*. The defendant in *Moroz* was arrested for DUI in early July 2019. One month later, he was arrested for a second DUI. The defendant entered ARD for the charges stemming from his first arrest and tendered a negotiated guilty plea for the charges stemming from his second arrest with the DUI considered as a second offense. Relying on *Chichkin*, the court sentenced the defendant as a first-time DUI offender to 48 hours to 6 months' imprisonment. The Commonwealth appealed to this Court, arguing that the defendant's voluntary acceptance of ARD must be recognized as a "prior conviction" for recidivist DUI sentencing purposes. The Commonwealth asserted that an important exception exists to the *Alleyne* rule: under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of a prior conviction is not an element that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. *Moroz*, 2022 WL 4869900, *2. The Commonwealth contended that in 75 Pa.C.S.A. § 3806, "the General Assembly equated acceptance of ARD for a first-time DUI with a prior

- 5 -

conviction for DUI, [and] it is not a fact that needs to be proved beyond a reasonable doubt pursuant to **Almendarez-Torres**." **Id.**

This Court, sitting *en banc*, agreed with the Commonwealth:

The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. **See Commonwealth v. Robertson**, 186 A.3d 440, 446 (Pa.Super. 2018), appeal denied, 649 Pa. 179, 195 A.3d 852 (2018) (reiterating that individuals are presumed to know statutory law and developments in case law). We also note that the exception established in **Almendarez-Torres** remains in place. **See Alleyne**, **supra**. Significantly, we disagree with the conclusion in **Chichkin** that a defendant's prior acceptance of ARD cannot be categorized as a "prior conviction" exempt from the holdings in **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)], and **Alleyne**. Although the "fact" that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate. We emphasize that Section 3806(a) appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.

Moreover, a defendant voluntarily enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due process concerns advanced in **Chichkin**. Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**. **See Almendarez-Torres**, **supra**.

**Id.** at *5. We "expressly overrule[d]" **Chichkin** and held that "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Id.** Thus, the trial court "erred in sentencing

- 6 -

[the defendant] as a first-time DUI offender without considering his acceptance of ARD for a prior DUI." *Id.*

Pursuant to *Moroz*, we hold that the trial court properly sentenced Appellant as a second-time DUI offender due to his previous entry into ARD.

Appellant's fine of $750.00 is a valid term of his restrictive probation. When imposing probation, the court may, *inter alia*, order the defendant to pay a fine. 42 Pa.C.S.A. § 9763(a)(13). The amount of the fine may be "up to the amount authorized by law." 42 Pa.C.S.A. § 9758(a). The law provides that second-time DUI offenders convicted of DUI—High Rate of Alcohol, such as Appellant, "shall be sentenced to . . . pay a fine of not less than $750 nor more than $5,000." 75 Pa.C.S.A. § 3804(b)(2)(ii). Appellant's fine is valid under this statutory framework.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge McCaffery files a concurring statement.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/1/2022

- 7 -