J-S35040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                   Appellant         :

               v.                   :

THOMAS W. JOHNSON            :     No. 391 MDA 2022

Appeal from the Judgment of Sentence Entered February 14, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001816-2021

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED NOVEMBER 30, 2022**

The Commonwealth appeals from the judgment of sentence entered in

the Court of Common Pleas of Dauphin County, which, pursuant to controlling

precedent of this Court at the time, reclassified Appellee Thomas W. Johnson's

Driving Under the Influence ("DUI") offense as a first offense—rather than as

a second offense as charged—because Johnson had been accepted into and

completed an Accelerated Rehabilitative Disposition ("ARD") program for the

prior offense.  We reverse and remand for resentencing consistent with this

Court's decision in **_Commonwealth v. Moroz_**, ____ A.3d _____, 2022 PA Super

169, 2022 WL 4869900 (Pa. Super. Oct. 4, 2022).

On June 7, 2021, the Commonwealth filed an information charging

Johnson with driving under the influence, highest rate, second offense, as well

_____

[*] Former Justice specially assigned to the Superior Court.

as a second offense general impairment DUI. The Commonwealth alleged it was Johnson's second DUI offense because he had been accepted into an ARD program in relation to a prior DUI charge. On February 8, 2022, the trial court granted Johnson's counseled petition for writ of *habeas corpus* and reclassified the instant offense as his first. On February 14, 2022, Johnson pleaded guilty and was sentenced as a first-time offender over the Commonwealth's objection. ***See*** N.T., 2/14/22, at 2-3. The Commonwealth's timely appeal followed.

The Commonwealth concedes that this Court's three-judge panel opinion in ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020) (holding unconstitutional, under ***Apprendi v. New Jersey*** [1] and ***Alleyne v. United States***, [2] the portion of 75 Pa.C.S. § 3806(a) that includes acceptance of ARD as a "prior offense" for purposes of DUI sentencing under Section 3804) constrained the trial court to treat Johnson's present DUI offense as his first for purposes of sentencing. Nevertheless, the Commonwealth preserved its present challenge by raising it with first with the trial court in both its brief in opposition to Johnson's *habeas* petition and its objection to the trial court's

---

[1] ***Apprendi v. New Jersey***, 530 U.S. 466, 490 (2000) (holding facts that "increase the prescribed range of penalties to which a criminal defendant is exposed" constitutes elements of the crime at issue).

[2] ***Alleyne v. United States***, 570 U.S. 99, 103 (2013) ("Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").

order amending the charge from a second offense DUI to a first offense DUI, N.T., 2/14/22, 2-3.  On appeal, it reasserts in a 50-page argument section to its brief that Appellant's DUI charge should be treated as a second offense because ***Chichkin*** was wrongly decided.  It follows, the Commonwealth concludes, that the trial court erred in sentencing Johnson as a first-time DUI offender.

Johnson was charged with, and pled guilty to, DUI—general impairment pursuant to 75 Pa.C.S. § 3802(a)(1).  Our legislature has specified the following minimum penalties for such convictions:

> **General impairment**.--[With exceptions not pertinent in the instant case], an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:
>
> (1) For a first offense, to:
>
>> (i) undergo a mandatory minimum term of six months' probation;
>> (ii) pay a fine of $300;
>>
>> (iii) attend an alcohol highway safety school approved by the department; and
>>
>> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).
>
> (2) For a second offense, to:
>> (i) undergo imprisonment for not less than five days;
>> (ii) pay a fine of not less than $300 nor more than $2,500;
>> (iii) attend an alcohol highway safety school approved by the department; and

- 3 -

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804(a).

Section 3806(a) governs which convictions count in assessing the proper mandatory sentence:

[T]he term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)....

75 Pa.C.S. § 3806(a).

As noted, **Chichkin** held that Section 3806(a) is unconstitutional to the extent it listed ARD as a "prior offense," *id.* at 970-71, and it remained controlling authority at the time of Johnson's sentencing. However, during the pendency of this appeal, this Court sitting *en banc* expressly overruled **Chichkin** with our **Moroz** decision.

Specifically, **Moroz** ruled:

The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. We ... disagree with the conclusion in **Chichkin** that a defendant's prior acceptance of ARD cannot be categorized as a "prior conviction" exempt from the holdings in **Apprendi** and **Alleyne**. Although the "fact" that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate. We emphasize that Section 3806(a) appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.

> Moreover, a defendant voluntarily enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due process concerns advanced in **Chichkin**. Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**.

**Moroz**, **supra** at *5. Based on this rationale, we held the trial court "erred in sentencing [Moroz] as a first-time DUI offender without considering his acceptance of ARD for a prior DUI." **Id**.

In all pertinent respects, **Moroz** is on point, and we therefore find it controls our disposition of the present appeal. **See**, **e.g.**, **Commonwealth v. Hays**, 218 A.3d 1260, 1266 (Pa. 2019) ("[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." (cleaned up)). Pursuant to **Moroz**, the Commonwealth must prevail in its assertion, preserved in the trial court, that Johnson was subject to the mandatory minimum sentence applicable to second-time offenders based upon his prior acceptance of ARD. **See Commonwealth v. Malenfant**, --- A.3d ----, No. 1297 EDA 2020, 2022 WL 10224994, at *4 (Pa. Super. filed Oct. 18, 2022)

(unpublished memorandum decision).[3] Thus, we vacate Johnson's judgment of sentence and remand for resentencing consistent with *Moroz*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022

---

[3] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).