J-S07012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL T. FLANAGAN | : | No. 363 WDA 2021 |

Appeal from the Order Entered February 16, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001129-2020

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED**: **NOVEMBER 30, 2022**

Appellant, the Commonwealth of Pennsylvania ("the Commonwealth"), appeals from the February 16, 2021 order granting the petition for *writ* of *habeas corpus* filed on behalf of Michael T. Flanagan ("Flanagan") and dismissing the charges filed against him.  We vacate the February 16, 2021 order and remand the case in accordance with this memorandum.

The record reveals that, by way of criminal information filed on March 17, 2020, Flanagan was charged with driving under influence of alcohol or controlled substance ("DUI") – highest rate of alcohol and DUI – general impairment, as well as six summary offenses.[1]  Flanagan's two DUI charges

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(c) and 3802(a)(1), respectively.  Flanagan was charged with the following summary offenses: reckless driving, careless

were identified as second DUI offenses because Flanagan previously participated in an accelerated rehabilitative disposition ("ARD") program in conjunction with a prior DUI related criminal matter. N.T., 2/16/21, at 2, 7.

On December 14, 2020, Flanagan filed a petition for *writ* of *habeas corpus* requesting that the trial court dismiss the charges filed against him. Flanagan asserted that the Commonwealth was unable to establish a prior DUI offense for purposes of sentencing Appellant, pursuant to 75 Pa.C.S.A. § 3804, which prescribed an increased penalty for second and subsequent DUI offenses.[2] To support his claim, Flanagan relied upon this Court's then-recent decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). On March 10, 2021, the trial court granted Flanagan's petition for *writ* of *habeas corpus* and dismissed the criminal charges filed against Flanagan. This appeal followed.[3]

The Commonwealth raises the following issue for our review:

> Whether [this Court's] decision in [**Chichkin**, **supra**,] was wrongly decided because the Legislature [] created a statutory scheme to address recidivism and drunk driving, as well as to protect first[-]time offenders from significant consequences

---

driving, limitations on driving on left side of roadway, driving on roadways laned for traffic, meeting vehicle proceeding in opposite direction, and driving on right side of roadway. 75 Pa.C.S.A. §§ 3736(a), 3714(a), 3306(a)(1), 3309(1), 3302, and 3301(a), respectively.

[2] In the alternative, Flanagan requested that the Commonwealth be ordered to amend the criminal information to reflect that his two charges for DUI were charged as first offenses. Petition for *Writ* of *Habeas Corpus*, 12/4/20, at 2.

[3] Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

resulting from their behavior, and [this Court] failed to conduct an adequate statutory analysis in finding that this scheme [violated] ***Alleyne v***[.] ***United States***[, 570 U.S. 99 (2013)]?

Commonwealth's Brief at 4.

Ordinarily, an appellate court will review a grant or denial of a petition for *writ* of *habeas corpus* for abuse of discretion, but for questions of law, our standard of review is *de novo*, and our scope of review is plenary.

***Commonwealth v. McClelland***, 233 A.3d 717, 732 (Pa. 2020).

Section 3804 of the Vehicle Code sets forth mandatory minimum sentence terms for first, second, third, or subsequent DUI offenses. ***See*** 75 Pa.C.S.A. § 3804(a). Section 3806 defines the term "prior offenses," in pertinent part, as follows:

the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, **acceptance of Accelerated Rehabilitative Disposition** or other form of preliminary disposition before the sentencing on the present violation for[, *inter alia*,] an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a)(1) (emphasis added, paragraph formatting omitted). "Thus[,] a defendant who [] accepted ARD for a prior DUI offense is considered a second-time offender under the Section 3804 penalty provisions." ***Commonwealth v. Richards***, ___ A.3d ___, 2022 WL 4869856, at *3 (Pa. Super. filed Oct. 4, 2022) (slip copy) (*en banc*), *citing* **Chichkin**, 232 A.3d at 963.

In **Alleyne**, **supra**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 570 U.S. at 103; **see also Apprendi v. New Jersey**, 530 U.S. 466, 476 (2000) (stating, "any fact (other than [a] prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt"). Both the **Alleyne** Court and the **Apprendi** Court "recognized a narrow exception to this general rule for the fact of a prior conviction." **Richards**, 2022 WL 4869856, at *4, *citing* **Alleyne**, 570 U.S. at 111 n.1; **see also Apprendi**, 530 U.S. at 476.

In **Chichkin**, **supra**, this Court concluded that a defendant's "prior acceptances of ARD cannot be categorized as 'prior convictions' exempt from the holding[s in] **Apprendi**[, **supra**,] and **Alleyne**[, **supra**.] **Chichkin**, 232 A.3d at 967. Subsequently, an *en banc* panel of this Court, in **Richards**, **supra**, expressly overruled **Chichkin**, **supra**, holding that, "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence passes constitutional muster." **Richards**, 2022 WL 4869856, at *6. In so holding, the **Richards** Court reasoned,

> The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. . . . Moreover, a defendant **voluntarily** enters the ARD program to avoid prosecution on a first DUI charge, and he[, or she,] is free to reject participation in the program if he[, or she,] wishes to avail himself[, or herself,]

- 4 -

of his[, or her,] full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due process concerns advanced in **Chichkin**. Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**.

**Richards**, 2022 WL 4869856, at *5-*6 (emphasis in original); **see also Commonwealth v. Moroz**, ___ A.3d ___, 2022 WL 4869900, at *5 (Pa. Super. filed Oct. 4, 2022) (slip copy) (*en banc*) (overruling the decision in **Chichkin** for the same reasons set forth in **Richards**).

Here, the trial court, in granting Flanagan's petition for *writ* of *habeas corpus*, stated,

The Commonwealth charged [Flanagan] with a second[-]offense DUI. The Commonwealth is unable to establish a prior DUI offense under 75 Pa.C.S.[A.] § 3804. [Flanagan] had been charged with a prior DUI offense but [] successfully completed the ARD program and the case had been expunged. That offense does not constitute a prior offense. [The trial] court granted [Flanagan's p]etition [for *writ* of *habeas corpus*] requiring the Commonwealth to amend the criminal information to accurately reflect the charges filed as a first offense within ten years pursuant to the holding in [**Chichkin**, **supra**.]

Trial Court Opinion,7/27/21, at 2-3.

When the trial court granted Flanagan's petition for *writ* of *habeas corpus*, the decision in **Chichkin** was then-current law interpreting the applicable penalty provisions of the Vehicle Code for DUI offenses. The *en banc* decision in **Richards**, which expressly overruled **Chichkin**, now requires us to vacate the trial court order granting the petition for *writ* of *habeas corpus* and remand this matter to the trial court for further proceedings. **See Commonwealth v. Morris**, 958 A.2d 569, 580 n.2 (Pa. Super. 2008)

(stating, "[i]t is well-settled that this Court, sitting *en banc*, may overrule the decision of a three-judge panel of this Court"), *appeal denied*, 991 A.2d 311 (Pa. 2010).

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/30/2022