J-S34041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMBER NICOLE BURGER | : | No. 613 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 20, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000668-2020

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: DECEMBER 6, 2022**

The Commonwealth appeals from the judgment of sentence imposed in

the Centre County Court of Common Pleas, after the trial court, sitting without

a jury, found Amber Nicole Burger (Appellee) guilty of driving under the

influence of a controlled substance (DUI – controlled substance).[1]  Pursuant

to the recent *en banc* decision in ***Commonwealth v. Moroz***, ____ A.3d ____,

2022 WL 4869900 (Pa. Super. Oct. 4, 2022) (*en banc*),[2] we are constrained

---

[1] 75 Pa.C.S. § 3802(d)(2) ("An individual may not drive, operate or be in actual physical control of the movement of a vehicle [when t]he individual is under the influence of a drug or combination of drugs to a degree which impairs [her] ability to safely drive, operate or be in actual physical control of the movement of the vehicle.").

[2] That same day, this Court issued a virtually identical *en banc* decision in ***Commonwealth v. Richards***, ____ A.3d ____, 2022 WL 4869856 (Pa. Super. Oct. 4, 2022) (*en banc*).  Because the ***Moroz*** decision is more factually similar to the appeal before us, we will refer only to ***Moroz*** in our analysis.

to vacate Appellee's judgment of sentence and remand for further proceedings.

A detailed recitation of the facts underlying Appellee's DUI conviction is not relevant to this appeal.[3] Briefly, we note that Appellee was arrested on April 6, 2020, after she was discovered at 11:50 a.m. sleeping in the driver's seat of a running vehicle parked at a convenience store in Potter Township, Centre County. **See** Affidavit of Probable Cause, 5/18/20, at 1. On July 30, 2022, the Commonwealth filed a criminal information charging Appellee with the following offense: "DUI: Controlled Substance – Impaired Ability – **3rd Offense** – (M1)." Information, 7/30/20 (emphasis added). It is undisputed that Appellant had two prior DUI adjudications. In 2016, she entered the accelerated rehabilitative disposition (ARD) program for her first DUI offense. Thereafter, in May of 2020, she entered a guilty plea to DUI for a 2019 arrest.

The present case proceeded to a non-jury trial on March 12, 2021, at the conclusion of which the trial court found Appellee guilty of DUI – controlled substance. In announcing its verdict, the trial court stated that it made "no finding . . . regarding whether this is a third offense for [Appellant] as charged

---

[3] The trial transcript is not included in the certified record. As the appellant, it was the Commonwealth's burden to ensure the certified record was complete on appeal. **See Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006).

in the information, [because it understood] that counsel . . . agreed that is a matter to be addressed at the time of sentencing." Verdict, 3/12/21.[4]

At the time of Appellee's conviction, the controlling decision concerning the grading of multiple DUI convictions was ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020). The ***Chichkin*** Court considered the interplay between Section 3806 of the Motor Vehicle Code, which defines a prior offense as, *inter alia*, the acceptance of ARD, and Section 3804, which outlines the penalties for recidivist DUI offenders. ***Chichkin***, 232 A.3d at 963, *citing* 75 Pa.C.S. §§ 3804, 3806(a)(1). The panel concluded that a defendant's prior acceptance of ARD is not "cloaked in all the constitutional safeguards" of a criminal conviction, and therefore, cannot constitute a prior conviction for purposes of the DUI recidivist sentencing statute. ***See Chichkin***, 232 A.3d at 968 (citations, quotation marks & footnote omitted). Therefore, the ***Chichkin*** Court held: "[T]hat portion of [Section] 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional." ***Id.*** (footnote omitted).

Prior to Appellee's sentencing, the Commonwealth filed a memorandum of law arguing that ***Chichkin*** was erroneously decided, and that the trial court should sentence Appellee as a third-offense DUI offender as a result of her 2016 acceptance of ARD and 2020 guilty plea. ***See*** Commonwealth's

---

[4] The verdict was docketed three days later on March 15, 2021.

Memorandum of Law, 4/9/21, at 1-21. It attached two documents to the memorandum: (1) a copy of Appellee's Certified Driver History from the Pennsylvania Department of Transportation's Bureau of Driver Licensing, which noted, *inter alia*, she had received ARD for a prior DUI conviction,[5] and (2) the August 27, 2020, sentencing order for Appellee's 2020 DUI conviction. *See id.* at Exhibit A, Appellee's Certified Driving History; B, Sentencing Order.

At the April 20, 2021, sentencing hearing, the trial court heard argument from both the Commonwealth and Appellee concerning the applicability of *Chichkin* to the facts before it. The court determined that it was "bound by the Pennsylvania Superior Court ruling in . . . *Chichkin*" and, accordingly, entered an order "determin[ing] that [Appellee's] conviction [was] a second offense for sentencing purposes." N.T., 4/20/21, at 9; Order, 5/11/21. The court then proceeded to sentence Appellee to a term of five years' restrictive probation, with the first 120 days on an "in-home detention/electronic monitoring system[.]" N.T., 4/20/21, at 29. The Commonwealth filed this timely appeal on May 13, 2021, and complied with the court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed an opinion, in which it "relie[d] on the transcript of the sentencing

---

[5] We note the Driver History indicates Appellee accepted ARD for a March **2013** violation. *See* Commonwealth's Memorandum of Law, Exhibit A, Appellee's Certified Driver History, 6/5/20, at 2 (unpaginated). However, both Appellee and the Commonwealth aver that she accepted ARD for a 2016 offense. *See* Appellee's Brief at 3; Commonwealth's Brief at 7-8. We need not resolve this discrepancy for purposes of our disposition.

hearing held on April 20, 2021[,]" and the order filed on May 11th. **See** Trial Ct. Op., 5/25/21.

The Commonwealth presents one issue on appeal:

Did the sentencing [c]ourt err in finding [Appellee] was a second in ten year offender, as opposed to a third in ten year offender, under the Pennsylvania recidivist [DUI] sentencing statute where the relied upon case, [**Chichkin**] failed to recognized [ARD] acceptance has sufficient due process protections to be equated to a prior conviction, failed to recognize and follow controlling Pennsylvania precedential case law, and failed to consider guiding extra-jurisdictional decisions?

Commonwealth's Brief at 6.

Because the Commonwealth's claim challenges the legality of the sentence imposed, "our standard of review is *de novo* and our scope of review is plenary." **Moroz**, ___ A.3d at ___, 2022 WL 4869900 at *2.

When this appeal first appeared before this panel, we issued a stay pending the *en banc* resolution of **Moroz**, an appeal which directly challenged the viability of **Chichkin**'s holding. **See** Order, 11/29/21. As noted **supra**, on October 4th, a majority of the *en banc* Court in **Moroz** overruled the decision in **Chichkin**.[6] **See Moroz**, ___ A.3d at ___, 2022 WL 4869900 at *5. Thus, we are now constrained to apply **Moroz** to the facts before us.

_____

[6] This writer authored the Dissenting Opinion in **Moroz**, which three judges joined. **See Moroz**, ___ A.3d at ___, 2022 WL 4869900 at *7 (Dissenting Op. by McCaffery J.). For the reasons expressed therein, I continue to believe **Moroz** was wrongly decided. **Id.** at *7-11. Moreover, we note that the Pennsylvania Supreme Court granted allowance of appeal, and heard argument, in another appeal challenging the holding of **Chichkin**; to date, the
*(Footnote Continued Next Page)*

As noted **supra**, in **Chichkin**, a panel of this Court held that a defendant's prior acceptance of ARD did not constitute a **prior conviction** for purposes of applying the DUI mandatory minimum sentencing statute, and, therefore, the Commonwealth was required to prove the "fact" of the prior ARD acceptance pursuant the holding of **Alleyne v. United States**, 570 U.S. 99 (2013). **See Chichkin**, 232 A.3d at 967. The **Chichkin** Court recognized that, while a defendant's prior criminal convictions are exempt from **Alleyne**,[7] a defendant's acceptance of ARD is a "**pretrial** disposition" that "does not carry with it the procedural safeguards of a traditional conviction[.]" **Id.** at 965, 967. Indeed, the panel concluded that "[t]he treatment of an ARD acceptance conclusively as a prior offense, resulting in enhanced punishment with a mandatory minimum sentence, offends both substantive and procedural due process." **Id.** at 969 (citations & footnote omitted).

In overruling **Chichkin**, the en banc Majority in **Moroz** emphasized that the Pennsylvania legislature "statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions[,]" and that a defendant who accepts ARD "is presumed to be aware of the relevant statute." **Moroz**, ___ A.3d at ___, 2022 WL 4899900 at *5. Further, the Majority highlighted the fact that ARD is a voluntary program, in which a defendant

---

Supreme Court has not issued an opinion. **See Commonwealth v. Verbeck**, 1 MAP 2022.

[7] **See Almendarez-Torres v. United States**, 523 U.S. 224 (1998).

must request acceptance and acknowledge their understanding of both the proceedings and the court-imposed conditions. **See id.** Indeed, the Majority noted "[t]he entire assessment process for the ARD program is conducted under court supervision." **Id.** Although the Majority acknowledged that "the 'fact' that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, [it deemed] the safeguards in place to be adequate[,]" particularly since Section 3806(a) "appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes." **Id.** Finally, the Majority emphasized that ARD is a voluntary program, which a defendant "is free to reject participation in . . . if he wishes to avail himself of his full panoply of constitutional rights." **Id.**

Consequently, the **Moroz** Majority "expressly overrule[d]" **Chichkin**, and held "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Moroz**, ___ A.3d at ____, 2022 WL 4899900 at *5.

In the present case, the trial court graded Appellee's conviction as a second-offense DUI based solely on the holding in **Chichkin**. Because that decision has been overruled by an *en banc* panel of this Court, we are

compelled to vacate Appellee's judgment of sentence and remand for further proceedings.[8]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022

---

[8] Appellee argues the Commonwealth waived its right to argue that her prior acceptance of ARD constitutes a prior conviction because it failed to present "any evidence . . . related to the specific facts and circumstance of [her] individual 2016 ARD disposition." Appellee's Brief at 5. However, as noted **supra**, the Commonwealth attached a copy of Appellee's Certified Driver History to its Memorandum of Law that was filed before the sentencing hearing. **See** Commonwealth's Memorandum of Law, at Exhibit A, Appellee's Certified Driving History. That document indicates that Appellee accepted ARD for a prior DUI violation. **See id.** at 2 (unpaginated). Thus, the Commonwealth did not waive its argument on appeal.