J-S42022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN G. DEWEESE | : | |
| | : | |
| Appellant | : | No. 776 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 6, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000015-2022

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 14, 2024**

Bryan G. DeWeese ("Appellant") appeals from the Judgment of Sentence of a mandatory term of 90-days' incarceration imposed following Appellant's guilty plea to one count each of Driving Under the Influence ("DUI") – Highest Rate,[1] and Recklessly Endangering Another Person ("REAP").[2] He argues that because he completed ARD for his first DUI offense, the sentencing court erred in treating his current DUI conviction as a second offense and imposing a mandatory minimum sentence for a second offense. We disagree and affirm the judgment of sentence.

---

[1] 75 Pa.C.S. §§ 3802(c).

[2] 18 Pa.C.S. § 2705.

**A.**

Before discussing the procedural history of this case, we focus on the various court rulings that address whether the Vehicle Code requires a sentencing court, when sentencing a defendant for a subsequent DUI conviction, to consider an earlier DUI charge when the defendant successfully completed an Accelerated Rehabilitative Disposition ("ARD") program.

The Vehicle Code provides for enhanced mandatory minimum sentences for second and subsequent DUI offenses.  75 Pa.C.S. § 3804.  Section 3806 defines "prior offense" for purposes of Section 3804 to include "acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation" for "an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[,]" where the prior offense occurred "within 10 years prior to the date of the offense for which the defendant is being sentenced."  75 Pa.C.S. § 3806(a)(1), (b)(1)(i).

On May 20, 2020, a three-judge panel of this Court in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), held that characterizing a DUI charge as a first offense when a defendant completes ARD for those charges violates a defendant's due process rights.  *Id*. at 971.  On October 4, 2022, however, an *en banc* panel of this Court overruled *Chichkin* and held "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster" as it satisfied the "prior conviction" exception to *Apprendi* and *Alleyne*.  *Commonwealth v. Richards*, 284

A.3d 214, 220, 233 (Pa. Super. 2022) (*en banc*), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*).[3]

**B.**

Turning to the facts of this case, on November 21, 2020, the Pennsylvania State Police responded to a report of a two-car accident in Dingman Township. Appellant was the driver of one of the vehicles. After Appellant failed field sobriety tests, the troopers arrested him. Testing revealed Appellant had a blood alcohol content of 0.188%.

On February 28, 2022, the Commonwealth charged Appellant with numerous offenses, including those listed above.[4] Appellant entered a guilty plea on August 25, 2022, to one count each of DUI-Highest Rate and REAP in exchange for the dismissal of the remaining charges. The sentencing recommendation on the written plea colloquy form was "SR by Court PA Guidelines." Guilty Plea Colloquy, 8/25/22, at 1.[5] The form did not indicate whether Appellant was pleading guilty to a first or second DUI offense.

Appellant pled guilty in August 2022 when **Chichkin** was in effect. By the time the court sentenced Appellant in January 2023, however, the *en banc*

---

[3] The Supreme Court granted review in **Richards** on March 15, 2023. **See Commonwealth v. Richards**, 294 A.3d 300 (Pa. 2023).

[4] In addition to DUI-Highest Rate and REAP, the Commonwealth charged Appellant with one count each of DUI-General Impairment, Aggravated Assault by Vehicle While Driving Under the Influence, and several summary offenses.

[5] The certified record contains only the signed Guilty Plea Colloquy. There is no transcript of the plea hearing that ostensibly occurred on August 25, 2022.

panel in **Richards** and **Moroz,** had overruled **Chichkin**, ruling that a DUI offense for which a defendant completed ARD was considered a first offense.[6] As a result, on January 9, 2023, the sentencing court entered an Order sentencing Appellant on the DUI-Highest Rate conviction to the mandatory minimum term of 90 days' incarceration provided in 75 Pa.C.S. § 3804(c)(2).[7]

Appellant filed a post-sentence motion, challenging the legality of his sentence. He asserted that because his 2019 DUI offense had been expunged following his successful completion of the ARD program—and the instant offense and his guilty plea occurred before the *en banc* panel overruled the three-judge panel in **Chichkin**—the sentencing court erred in characterizing the instant offense as a second offense and imposing the mandatory minimum term of 90 days' incarceration set forth in Section 3804(c)(2) of the Vehicle Code. Following a hearing, the trial court denied Appellant's post-sentence motion on February 21, 2023.

Appellant filed a timely Notice of Appeal, and both Appellant and the court complied with Pa.R.A.P. 1925.

---

[6] At the January 2023 sentencing hearing, Appellant's counsel referenced a sentencing hearing that occurred in November 2022, at which the court explained its intent to sentence Appellant to a minimum term of 90 days as a second offender. N.T. Sentencing Hr'g, 1/6/23, at 3. While the docket indicates that a sentencing proceeding occurred on November 4, 2022, the record contains neither notes of testimony nor orders corresponding to a November 4, 2022 proceeding.

[7] On Appellant's REAP conviction, the court sentenced Appellant to a term of 30 days to 12 months' incarceration. He has not challenged this sentence in this appeal.

**C.**

Appellant raises two issues asserting that because he participated in an ARD program in connection with the resolution of his previous DUI charge, the sentencing court erred in treating his most recent DUI offense as a second offense for sentencing purposes. Appellant's Br. at 6-7 (Statement of Questions Presented). He also asserts that because the *en banc* panel had not yet overruled the three-judge panel in **Chichkin** when he pled guilty, the sentencing court erred in considering his prior offense as a first offense for purposes of sentencing. **Id**. These issues challenge the legality of his sentence, to which we apply a *de novo* standard of review and a plenary scope of review. **Commonwealth v. Stoops**, 290 A.3d 721, 723 (Pa. Super. 2023).

Here, when Appellant entered his guilty plea on August 25, 2022, **Chichkin** was still the law for purposes of sentencing on subsequent DUI violations, *i.e.*, an offense resolved through ARD could not be considered a first offense. However, the law changed on October 4, 2022, when **Moroz** and **Richards** overruled **Chichkin.**

Appellant fails to cite to any case law to support his claim that the court's interpretation of the sentencing provisions in the Vehicle Code on the day a defendant pleads guilty is binding on the court when it sentences the defendant. In other words, Appellant has provided us with no legal authority to support his position that because the holding in **Chichkin** was in effect when Appellant pled guilty, the sentencing court was required to ignore the subsequent interpretation of Section 3804(c)(2) in effect at the time of his

- 5 -

sentencing. Further, the argument upon which Appellant relies to support his contention that his due process rights were violated is the same argument which, as noted above, this Court explicitly rejected in *Moroz* and *Richards*. *See* Appellant's Br. at 15-17 (citing *Commonwealth v. Alleyne*, 570 U.S. 99 (2013)). We, like Appellant, are bound by these precedential opinions.[8]

Thus, we conclude that on January 9, 2023, the day the sentencing court sentenced Appellant, the court properly applied the relevant law as provided in Section 3804(c)(2) and imposed the mandatory minimum sentence of 90 days' incarceration. Appellant's first argument, thus, fails to garner relief.

Finally, Appellant contends that when he pled guilty, he explicitly pled guilty to a first offense, not a second offense. Appellant's Br. at 13. Appellant fails, however, to support this statement with citation to the record showing that his plea was based on an agreement that the sentencing court would treat the current charge as a first offense. *See* Pa. R.A.P. 2119(c) (requiring citation to the record). Moreover, other than a bald citation to *Alleyne*, Appellant provides no citation to case law or analysis. *See* Rule 2119(a).

---

[8] Appellant's attempt to rely on *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023), is unavailing. *Verbeck* represented a 3-3 split on the Supreme Court and, thus, neither the Opinion in Support of Affirmance nor the Opinion in Support of Reversal was precedential. As such, *Verbeck* did not overrule *Moroz* and *Richards*, and they remain binding law pending the Supreme Court's review of *Richards*.

Appellant's failure to cite to the record and develop this issue adequately impairs our ability to review its merits. We, thus, conclude it is waived.[9]

**D.**

In conclusion, in accordance with **Moroz** and **Richards**, Appellant's challenge to the legality of his DUI sentence fails to garner relief. Further, Appellant's arguments grounded in the date of his guilty plea as dispositive for sentencing are undeveloped and, therefore, waived. Finally, his argument that he pled guilty to a first offense is likewise undeveloped and waived.

We, thus, affirm the judgment of sentence imposed for Appellant's DUI-Highest Rate as a second offense.

Judgment of sentence affirmed.

Judge Bowes concurs in result.

Judge Stabile concurs in result.

_____

[9] Moreover, even if Appellant had provided a properly developed argument, he would not be entitled to relief. As noted above, the plea agreement is silent as to whether Appellant was pleading guilty to either a first offense or a second offense. Moreover, the written plea colloquy form specifically references a document entitled "Pennsylvania DUI Penalties" that is annexed to the plea agreement, which outlines generally the various DUI offenses codified by statute that could be charged and the statutory sentences that would be imposed on first, second, third, and fourth or subsequent offenses. Guilty Plea Colloquy at 1, 4, 8-9. There are no markings on the chart indicating which offense number pertains to Appellant. **Id.** at 8-9.

For this reason, we similarly reject the trial court's conclusion that Appellant entered a plea to DUI as a second offense. **See** Tr. Ct. Op., 6/22/23, at 6.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2024