J-S07005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE LAMONT JONES, JR. | : | |
| | : | |
| Appellant | : | No. 1149 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 21, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000130-2022

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED NOVEMBER 18, 2025**

Maurice Lamont Jones, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Adams County, after he entered a guilty plea to one count of driving under the influence ("DUI") of a controlled substance.[1] We vacate and remand for resentencing.

> On October 24, 2021, [Jones] was arrested following a traffic stop, and he was subsequently charged with various DUI and summary motor vehicle offenses. The DUI offenses were charged as third offenses and graded as third-degree felonies based upon one prior conviction as well as [Jones'] resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process. [Jones] filed an omnibus pre-trial motion seeking to bar consideration of his earlier ARD as a prior offense at sentencing.
>
> At that time, this Court's decision in ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), set forth the

---

[*] Retired Senior Judge previously assigned to the Superior Court. Judge Colins did not participate in the decision of this case.

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in [s]ection 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. **Id.** at 969-71; 75 Pa.C.S.[A.] § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S.[A.] § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

By an order filed on May 20, 2022, the trial court granted [Jones'] motion to bar consideration of his prior ARD and ruled that the DUI charges shall be treated as second offenses and graded as first-degree misdemeanors. [] On June 21, 2022, [Jones] entered an open guilty plea to one count of DUI—controlled substance. On that same date, the trial court sentenced him to serve 24 months' probation, including 180 days of house arrest, and pay a fine of $1,500. [] The Commonwealth filed [a] timely appeal.

**Commonwealth v. Jones**, 996 MDA 2022, at 1 (Pa. Super. filed May 8, 2023) (unpublished memorandum decision).

On appeal, the Commonwealth challenged the trial court's application of **Chichkin** in light of more recent case law decided during the pendency of Jones' appeal. This Court agreed with the Commonwealth, concluding that our en banc decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (en banc), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (en banc), "squarely address[ed] the issue . . . before this Court." **Jones**, **supra** at 2. We noted:

The [**Richards** and **Moroz**] decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . ., and a defendant is presumed to be aware of the relevant statute." **Richards**, 284 A.3d at 220 (citation omitted); **Moroz**, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled **Chichkin** and held "the portion of [s]ection

- 2 -

> 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804 mandatory minimum sentence, passes constitutional muster." ***Richards***, 284 A.3d at 220; ***Moroz***, 284 A.3d at 233.

***Id.*** (citation omitted). Accordingly, we vacated Jones' judgment of sentence and remanded for resentencing. On July 17, 2023, the trial court sentenced Jones to three months of work-release, nine months of house arrest, and 36 months of probation with 12 months of restrictive DUI conditions. Jones appealed and we affirmed. ***See id.***, 1149 MDA 2023 (Pa. Super. filed April 1, 2024) (unpublished memorandum decision).

Jones filed a petition for allowance of appeal. On September 5, 2025, our Supreme Court entered an order granting allowance of appeal, vacating this Court's order, and remanding to this Court for reconsideration in light of ***Commonwealth v. Shifflett***, 335 A.3d 1158 (Pa. 2025). ***See Commonwealth v. Jones***, 171 MAL 2024 (Pa. filed Sept. 5, 2025).

In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in ***Alleyne v. United States***, 570 U.S. 99 (2013), and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in ***Apprendi*** and ***Alleyne*** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in ***Apprendi*** and ***Alleyne***. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under [s]ection 3806 to increase the penalty for a subsequent

conviction pursuant to [s]ection 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

***Shifflett***, 335 A.3d at 1175.

Thus, our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Accordingly, we vacate Jones' judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judge Colins did not participate in the consideration or decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2025